**Nicolas S. PAPADOPOULOS et al., Plaintiffs,**

v.

**SHERATON PARK HOTEL, Defendant.**

Civ. A. No. 75–1950.

United States District Court, District of Columbia.

March 4, 1976.

218

Louis Rabil, William L. Farrar, Jr., Washington, D. C., for plaintiffs.

Stephen B. Forman, Peter Chatilovicz, Washington, D. C., for defendant.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This case was originally filed in the Superior Court of the District of Columbia. It was removed to this Court by defendant Sheraton Park Hotel pursuant to 28 U.S.C. § 1441(b), as a civil action founded on a claim of right arising under the laws of the United States.

The amended complaint contains four counts. Count I alleges a breach of a collective bargaining agreement between the defendant-employer and the union to which plaintiffs belong; plaintiffs claim the status of third party beneficiaries to this agreement. Counts II and III allege breaches of the District of Columbia Minimum Wage Act, 36 D.C.Code § 415, and the District of Columbia Wage Payment Act, 36 D.C.Code §§ 601 et seq., respectively. Count IV alleges retaliatory suspension of two plaintiff-employees, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

As a preliminary matter, the Court notes that both defendant and plaintiffs agree that Count IV should be dismissed for failure to satisfy the jurisdictional prerequisites of 42 U.S.C. § 2000e–5(e). Count IV will, accordingly, be dismissed by the Court.

## I. THE PROPRIETY OF REMOVAL

Although the parties have not questioned the propriety of removal of this case from the Superior Court of the District of Columbia, it is nonetheless this Court's responsibility to determine that removal was proper. *Burgess v. Charlottesville Savings and Loan Association,* 477 F.2d 40 (4th Cir. 1973). Therefore, the Court will, at this point, examine the grounds set forth in the removal petition.

Defendant's petition for removal alleges federal jurisdiction based upon Counts I and IV of the complaint. Since both parties have agreed that Count IV should be dismissed, the Court turns its attention to Count I as a basis for sub-

ject matter jurisdiction. In order to find that this case has been properly removed pursuant to 28 U.S.C. § 1441(b), this Court must find that the right which plaintiff seeks to vindicate in Count I is a right guaranteed by federal law. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); see also 14 Wright, Miller and Cooper, *Federal Practice and Procedure* § 3722, at 548 nn. 7, 8 (1976).

■ Count I alleges a breach of a collective bargaining agreement between an employer-hotel and a union representing the hotel's employees. The jurisdictional provision of the Labor Management Relations Act of 1947, § 301, 29 U.S.C. § 185(a) (hereinafter § 301) grants this Court jurisdiction over all actions alleging a breach of a collective bargaining agreement between an employer and a labor organization representing employees in an industry affecting interstate commerce.[1] In addition, it is well settled that federal law is pre-emptive in the area of labor-management relations, and any rights sued upon are therefore necessarily federal rights. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Charles Dowd Box Co. v. Courtney*, 368 U.S. 502, 82 S.Ct. 519, 7 L.Ed.2d 483 (1962); *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Thus, even though Count I was originally brought as a common law contract action in Superior Court, federal law would have been applicable in the local courts. *Teamsters Local 174 v. Lucas Flour Co.*, 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962); see also 13 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 3581, at 542 (1975). Removal of Count I was therefore proper, for a claim of right arising under federal law has been stated. *Talbot v. National Super Markets*, 372 F.Supp. 1050 (E.D.La. 1974); *Hayes v. C. Schmidt & Sons, Inc.*, 374 F.Supp. 442 (E.D.Pa.1974). The remaining counts come within this Court's pendent jurisdiction. *Textile Workers Union v. Lincoln Mills, supra.*

## II. THE MOTION TO DISMISS

■ Turning now to the merits of the motion to dismiss, the Court notes at the outset that the collective bargaining agreement which binds plaintiff's union and defendant contains a broad arbitration clause.[2] Defendant argues that since Articles II and III of the collective bargaining agreement deal with wages, overtime compensation and split-shift differentials—the issues involved in plaintiffs' three counts—the entire case is covered by the grievance and arbitration procedure. The Court agrees.[3]

Defendant urges further that, since under *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) and *Republic Steel v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965), a plaintiff-union member may not sue his employer in court for breach of the collec-

1. This Court can and does take judicial notice of the fact that the hotel industry affects interstate commerce. *See Ulichny v. General Electric Co.*, 309 F.Supp. 437 (N.D.N.Y.1970); *Fay v. American Cystoscope*, 98 F.Supp. 278 (S.D. N.Y.1951).

2. The pertinent portion of the arbitration clause states: "It is agreed that in the event a grievance or misunderstanding arises out of and during the term of this Agreement that cannot be reconciled by the Union and the Employer within a reasonable time . . . such grievance shall, at the request of either party, be submitted to arbitration . . . ."

3. The Court's obligation at this juncture is strictly confined to the determination of whether or not "it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of arbitration." *United Steelworkers of America v. Warrior and Gulf Navigation Co.*, 363 U.S. 574, 582, 583, 80 S.Ct. 1347, 1352, 1353, 4 L.Ed.2d 1409, 1417 (1960); *Hayes v. C. Schmidt & Sons, Inc.*, 381 F.Supp. 1385 (E.D.Pa.1974). A separate line of cases holds that an arbitration clause such as the one before the Court is "instinct with obligation, imperfectly expressed." In the matter of *Old Dutch Farms, Inc., and Milk Drivers Union*, 222 F.Supp. 125, 130 (E.D.N.Y.1963); *Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 118 N.E. 214 (1917).

tive bargaining agreement unless he first exhausts the grievance and arbitration procedure specified in said agreement, the instant case should be dismissed.

In response to defendant's motion, plaintiffs argue that the present controversy falls within the exception to the requirement of exhaustion carved out by the Supreme Court in *U. S. Bulk Carriers v. Arguelles,* 400 U.S. 351, 91 S.Ct. 409, 27 L.Ed.2d 456 (1971). Plaintiffs contend, essentially, that when a statutory remedy is available, the complaining party has the option of pursuing its rights via the grievance and arbitration procedure or of bringing separate suit in court to vindicate its statutory right. Plaintiffs reason that, since Counts II and III of the instant complaint allege violations of statutes, those counts may be brought independently of the grievance and arbitration procedure.

This Court has studied the authorities supplied by plaintiffs and does not find the exception spelled out in *Arguelles, supra,* to be so broad as to include the instant case. *Arguelles* was a suit for wages brought by a seaman against his former employer. Although plaintiff Arguelles' union and his employer were parties to a collective bargaining agreement, Arguelles chose to sue under 46 U.S.C. § 596, a federal statute covering payment of wages to seamen. The federal district court, noting that plaintiff-employee had failed to exhaust the grievance and arbitration procedure of the collective bargaining agreement, granted employer's motion for summary judgment. The court of appeals reversed, and the Supreme Court affirmed. In an opinion by Justice Douglas, the Court reasoned that the federal rights guaranteed to seamen in 1790 under 46 U.S.C. §§ 596–97 were not abrogated by the subsequent passage in 1947 of § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). "The judicial remedy was made explicit in § 596 and was not clearly taken away by § 301. What Congress has plainly granted we hesitate to deny." 400 U.S. at 357, 91 S.Ct. at 413,

27 L.Ed.2d at 463. Thus, under the facts of *Arguelles,* the existence of two conflicting congressionally-created rights provided an option for seamen to sue under the statute or pursue arbitration remedies. *Id.*

In 1975, the United States Court of Appeals for the District of Columbia had occasion to apply the principles of *Arguelles, supra,* in the case of *Leone v. Mobil Oil Co.,* 523 F.2d 1153 (D.C.Cir. 1975). In *Leone,* the Court of Appeals held that the right to sue under the Fair Labor Standards Act (FLSA) of 1938 was unaffected by the passage of § 301 of the Labor Management Relations Act; therefore, the FLSA constituted an additional exception to the exhaustion requirement of § 301. Plaintiffs contend that *Leone* is also controlling in the case at bar.

The *Arguelles-Leone* exception to the requirement of exhaustion of the grievance and arbitration procedure does not encompass the instant case. *Arguelles* and *Leone* recognized that pre-existing federal rights were protected from abrogation by the arbitration requirement of § 301. In the instant case, only one of the two District of Columbia acts relied upon by plaintiff—the Minimum Wage Act—was passed prior to the passage of § 301. More important, neither the Minimum Wage Act nor the Wage Payment Act creates a federal right of the sort created by the statutes relied upon by plaintiffs Arguelles and Leone. Even though Congress passed the two District of Columbia statutes at issue, it did so in an exercise of its plenary power to legislate for the District of Columbia. See U.S.Const. art. I, § 8, cl. 17. That power is separate and distinct from Congress' power to legislate for the entire nation. *Palmore v. United States,* 411 U.S. 389, 397, 93 S.Ct. 1670, 1676, 36 L.Ed.2d 342, 351 (1973). In passing the two acts relied upon by plaintiff, Congress performed a function much like a state legislature's in passing state legislation. *Id.* Thus, unlike the statutes involved in *Arguelles* and *Leone,* the statutes relied upon by plaintiff do not provide alterna-

tive federal remedies; rather, for the reason specified in part I of this opinion, *supra,* they are pre-empted by § 301, including its requirement of exhaustion of arbitration remedies.

For these reasons, arbitration of plaintiffs' claims is required, and this cause of action shall be dismissed, in accordance with the Order of even date herewith. *See Bonnot v. Congress of Independent Unions Local 14,* 331 F.2d 355 (8th Cir. 1964)(Blackmun, J.); *Belk v. Allied Aviation Service Co.,* 315 F.2d 513 (2d Cir. 1963); and *Hayes v. C. Schmidt & Sons, Inc.* 381 F.Supp. 1385, 1390 (E.D.Pa. 1974).