Joseph WALKER, et al., Plaintiff,

v.

Ralph WALLER, et al., Defendants.

No. CIV.A. 02–1502 DAR.

United States District Court,
District of Columbia.

June 2, 2003.

Richard C. Daniels, Daniels & Daniels, James E. McCollum, Jr., James E. McCollum, Jr and Associates, College Park, MD, for Plaintiffs.

Joel S. Aronson, Ridberg, Press & Sherbill, LLP, Bethesda, MD, for Defendants.

*MEMORANDUM OPINION
AND ORDER*

DEBORAH A. ROBINSON, United States Magistrate Judge.

Plaintiffs, shareholders in DCX, Inc., bring this action against Defendants, the directors of DCX, Inc., seeking declaratory judgment. Complaint (Notice of Removal) ¶¶ 2, 3. Finding that this court lacks subject matter jurisdiction over this action, the undersigned will dismiss this action sua sponte for want of subject matter jurisdiction.

Plaintiffs are three shareholders in DCX, Inc., a Delaware corporation which operates Diamond Cab, a taxi cab business. Complaint ¶ 1, 2. Like the Plaintiffs, the three Defendants are also shareholders in DCX, Inc.; according to Plaintiffs, Defendants also "hold themselves out as the only directors of DCX, Inc." *Id.* ¶ 3. Plaintiffs bring the instant action for declaratory relief concerning the "rights and liabilities of the party [sic] with respect to the ownership of the stock of Betty Tharp, the composition of directors in the Board

of Directors, and the identification of the officers of the corporation." *Id.* at 3.

## DISCUSSION

■ Federal courts are courts of limited jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Pursuant to 28 U.S.C. § 1332(a), a district court may exercise its jurisdiction over a case where there is diversity of citizenship amongst the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Associates*, 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). Where a plaintiff seeks declaratory relief, the amount in controversy is the "value of the object of the litigation." *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 347, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977).

In accordance with 28 U.S.C. § 1441(a), where the parties are diverse and the amount in controversy is sufficient, a defendant has a statutory right to remove an action to a United States District Court. *Nwachukwu v. Karl*, 223 F.Supp.2d 60, 65–66 (D.D.C.2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). If the removal is defective due to lack of subject matter jurisdiction, "[n]o court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *Papadopoulos v. Sheraton Park Hotel*, 410 F.Supp. 217 (D.D.C.1976). To ensure the proper level of sensitivity to the federalism concerns involved, the court must resolve all doubts regarding federal jurisdiction in favor of remand to the state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed.

1214 (1941); *Nwachukwu v. Karl*, 223 F.Supp.2d at 66 (citations omitted).

28 U.S.C. § 1446 requires that "[a] defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal[.]" Defendants in a removal action bear the burden of proving federal court jurisdiction. *Johnson–Brown v. 2200 M Street LLC*, 257 F.Supp.2d 175, 178 (D.D.C.2003).

Defendants, asserting diversity of citizenship, filed a notice of removal of the instant action from the Superior Court for the District of Columbia on July 30, 2002. However, with respect to the amount in controversy, Defendants stated that "[t]he amount in controversy *likely* exceeds $75,000." Notice of Removal ¶ 4 (emphasis supplied). The Plaintiffs' complaint is entirely silent regarding the amount in controversy between the parties. Complaint at 3. Upon further review of these considerations, the undersigned ordered Defendants "[to] show cause why the undersigned should not remand this action to the Superior Court of the District of Columbia for lack of subject matter jurisdiction on the basis that the amount in controversy between the parties does not exceed $75,000." May 21, 2003 Show Cause Order (Docket No. 28). On May 22, 2003 Defendants filed their response to the Court's order, and asserted that the amount in controversy exceeds the statutory requirement of $75, 000 as "[a]t issue is the right to govern a corporation worth $800,000, the right to purchase stock worth $66,666.00 and Plaintiffs' right to seek an award of attorney's fees." Defendants' Response to Show Cause Order at 2 (Docket No. 29).

The amount in controversy is established at the commencement of the action and any subsequent events that may reduce the amount in controversy will not divest the court of jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Plaintiffs, in their complaint seek only declaratory relief with respect to the "rights and liabilities of the party [sic] with respect to the ownership of the stock of Betty Tharp, the composition of directors in the Board of Directors, and the identification of the officers of the corporation." Complaint at 3. The undersigned finds that Defendants have failed to show any evidence that the amount in controversy exceeds the jurisdictional requirement, and accordingly, the undersigned will dismiss this action sua sponte for want of subject matter jurisdiction. To the extent that Plaintiffs seeks declaratory relief regarding the ownership of Mrs. Betty Tharp's stock, the undersigned finds that the amount in controversy is, at most, $66,000.* Further, in the absence of an applicable substantive law that would require, or even grant the Court discretion, to award attorneys fees, the undersigned finds no authority for including speculative attorneys fees in the amount in controversy. *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 2003 WL 1957386*4 n. 4 (11th Cir. April 28, 2003)("The general rule is that attorneys' fees do not count towards the amount in controversy unless they are allowed for by statute or contract.").

Defendants' argument that the Court should find that the amount in controversy

$800,000—the entire worth of the DCX, Inc.—is similarly unavailing. Plaintiffs seek declaratory relief concerning the composition of the Board of Directors and an identification of the officers of the corporation. Complaint at 3. Defendants themselves characterize this as "the right to govern a corporation." Defendants' Response to Show Cause Order at 2. Accordingly, the undersigned finds that the entire worth of the corporation has not been placed in controversy.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have not met their burden upon removal of demonstrating that this court can exercise jurisdiction over this action; therefore

**ORDERED** that the above-captioned case is hereby **REMANDED** to the Superior Court for the District of Columbia.

---

* Defendants concede that Ms. Tharp offered to sell her ten shares of stock to both Plaintiff Joseph Walker and Defendant Robert Waller for $25,000. Defendants' Response to Show Cause Order at 2. However, Defendants submit that the Court should find that the value of the ten shares is actually $66,666 as "at the time that Tharp was attempting to sell her

stock to Walker, ... there was in force a stock purchase agreement to permit a third-party to acquire all of the stock in an arms-length transaction for $800,000." *Id.* this case must be remanded to the District of Columbia Superior Court. It is, therefore, this 2nd day of June, 2003.