**Ronald MAGNETT, Plaintiff,
Appellee,
v.
Joseph PELLETIER et al.,
Defendants.**

**William Rhodes, Jr., Defendant,
Appellant.
No. 73-1276.**

United States Court of Appeals,
First Circuit.

Argued Nov. 5, 1973.

Decided Nov. 26, 1973.

Paul F. Markham, Boston, Mass., with whom Moulton, Looney, Mazzone, Falk & Markham, Boston, Mass., was on brief, for defendant-appellant.

Ernest Winsor, Boston, Mass., with whom Paula W. Gold, Boston, Mass., was on brief, for plaintiff-appellee.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

## PER CURIAM.

In this action under 42 U.S.C. § 1983, plaintiff Magnett sought to recover damages from various police officers, ultimately reduced to Rhodes, a police sergeant, for invading his premises and for an alleged assault causing him physical and emotional injuries. Defendant, concededly without a warrant, had entered plaintiff's apartment and a room in which plaintiff's four small children were sleeping. Following trial the court made extensive findings, Magnett v. Pelletier, D.Mass.1973, 360 F.Supp. 902, disbelieving defendant's testimony and that of his subordinate officers alleging consent and physical provocation by the plaintiff, and concluding that the intrusion had been unlawful. It also stated, however:

> "I am not persuaded that either an assault or a battery was committed on Mr. Magnett by Sergeant Rhodes or Officer Sylvia, nor am I persuaded that any harm was done to any one of the Magnett children. Having in mind that Mr. Magnett conceded that he never consulted a physician subsequent to and because of this incident, and that any loss of time from work he thereafter sustained, was unrelated to this incident, I find that Mr. Magnett did not suffer physical or emotional damage."

The court further found no basis for punitive damages, but concluded as follows.

> "Having in mind that the intended purpose of the Civil Rights Act was the protection and vindication of the civil rights of all persons, nominal damages have been proved once an invasion or deprivation of a right to which plaintiff was entitled has been

shown. Basista v. Weir, 340 F.2d 74 at 87 (3 Cir. 1965). Nominal damages need not be alleged in a civil rights case in order to permit their recovery. Accordingly, I find for plaintiff in the amount of $500 against the defendant . . . ."

We agree with defendant that $500 cannot be properly regarded as nominal damages. Nominal damages are a mere token, signifying that the plaintiff's rights were technically invaded even though he suffered, or could prove, no loss or damage. Chesapeake & Potomac Tel. Co. v. Clay, 1952, 90 U.S. App.D.C. 206, 194 F.2d 888; "a small or token sum awarded to a person who has been wronged but who has not shown such an injury as to be entitled to compensatory damages." Webster's Third New International Dictionary (1968). Other dictionaries use the word "trifling." E. g., Black's Law Dictionary 469 (Rev. 4th ed. 1968); Bouvier's Law Dictionary 2353 (3rd rev. 1914). If a compensable injury has been shown, compensatory damages must be given; if not, nominal damages should not be used to compensate plaintiff in any substantial manner, since he has shown no right to such compensation. We do not accept those decisions that have awarded as nominal damages more than a token amount. Five hundred dollars charged against an individual police officer is no mere token.

This is not to say that in a civil rights action a plaintiff who proves only an intangible loss of civil rights or purely mental suffering may not be awarded substantial compensatory damages. Smith v. Sol D. Adler Realty Co., 7 Cir., 1970, 436 F.2d 344, 350–351; Donovan v. Reinbold, 9 Cir., 1970, 433 F.2d 738, 743; Richardson v. Communications Workers of America, 8 Cir., 1971, 443 F.2d 974, 984–985. It is possible that the court may have misused the word nominal, and really intended to compensate plaintiff for actual, though wholly impalpable, injuries. But if so, a recital of such damages should not be left to a word of art whose ordinary meaning is just the opposite.

Since it is conceivable that the court misspoke itself, fairness dictates a remand for further findings or articulation, if the court deems them warranted in the light of this opinion. If the court does not believe such to be warranted, the award shall be reduced to the sum of $1.00. No costs on this appeal.