Jarius PIPHUS, a minor and Geneva Piphus, guardian ad litem for Jarius Piphus, Plaintiffs-Appellants,

v.

John D. CAREY et al., Defendants-Appellees.

PEOPLE UNITED TO SAVE HUMANITY et al., Plaintiffs-Appellants,

v.

John D. CAREY et al., Defendants-Appellees.

Nos. 76–1649, 76–1652.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 18, 1976.

Decided Nov. 22, 1976.

David A. Goldberger, John S. Elson, Chicago, Ill., for plaintiffs-appellants.

Michael J. Murray, Thomas P. Brown, Heineke & Schrader, Chicago, Ill., for defendants-appellees.

Before CLARK, Associate Justice (Retired),* CASTLE, Senior Circuit Judge, and TONE, Circuit Judge.

TONE, Circuit Judge.

The District Court found that the rights of the plaintiff public school students to procedural due process had been violated by suspensions without hearings, and that the defense of good faith was not available to the defendant school authorities. Nevertheless, the court refused to award damages because of the lack of evidence of injury, and omitted awarding equitable or declaratory relief although acknowledging that such relief would be appropriate. We reverse, holding that damages and equitable and declaratory relief should have been granted.

■ The suspensions in both cases were for 20 days. One plaintiff was kept out of school for 8 days and the other for 17 days before their readmission resulting from preliminary injunction proceedings. After hearing both cases on their merits on stipulated records, the District Court held that both suspensions had been ordered without the due process guaranteed by the Fourteenth Amendment and that the defense of good faith was not available to the defendants. Inasmuch as the defendants do not question either holding on appeal,[1] the District Court's determination is conclusive on the liability issue. After finding the de-

fendants liable, the court went on to observe that declaratory relief would be appropriate and that references to plaintiffs' suspensions should be deleted from their records. In dealing with plaintiffs' damage claim, however, the court held that, while the defendants' failure to satisfy the criteria for the defense of good faith[2] "technically" entitled plaintiffs to damages, none had been proved. The court dismissed the complaints, ordering no relief whatsoever.

Plaintiffs, in support of their damage claim, attempted to show the value of each missed day of school by submitting data on cost per pupil per day. After the court's decision, plaintiffs filed a "motion to amend the final order," in which they sought reconsideration of the damage issue. Judge McLaren, who rendered the initial decision, reopened the issue of damages, and plaintiffs then submitted data on non-resident tuition charges. Following Judge McLaren's death, the case was reassigned to Judge Leighton, who denied the post-trial motions.

■ The damage issue is controlled by *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569 (7th Cir. 1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). We recognized in that case that non-punitive damages for the injury which is "inherent in the nature of the wrong" are recoverable for a violation of the right to procedural due process, as they are for the deprivation of voting rights or other constitutional rights. *Id.* at 579–580. This is so even if, as in the case at bar, there is no proof of individualized injury to the plaintiff, such as mental distress (which,

---

* The Honorable Tom C. Clark, Associate Justice (Retired) of the Supreme Court of the United States, is sitting by designation.

1. Because the District Court dismissed the complaint, defendants were not required to cross appeal in order to challenge this determination. Had they raised the liability issue on appeal and persuaded us that it was wrongly decided, we would have been procedurally correct in affirming on that ground. *Dandridge v. Williams*, 397 U.S. 471, 475 n. 6, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

2. The court found that, although there was no evidence that the defendants acted maliciously, and therefore the first test of *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), was satisfied, the defendants "should have known that a lengthy suspension without any adjudicative hearing of any type would violate the constitutional rights of plaintiffs," and therefore the second test enunciated in that decision was not met. See also *Hostrop v. Board of Junior College District No. 515*, 523 F.2d 569, 577 (7th Cir. 1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976).

when found to have been suffered, would enhance the general damages recoverable), and even if no pecuniary loss is shown. The amount of the damages to be awarded when no individualized injury is shown is dependent on the nature of the wrong. The amount fixed by the District Court should be neither so small as to trivialize the right nor so large as to provide a windfall.[3]

Accordingly, the District Court erred in not allowing damages even though no individualized injury was shown by the stipulated record. The court also erred in not considering the possibility of special damages for the school days plaintiffs lost as a result of their suspensions. Both in the stipulated record and in support of their post-trial motion, plaintiffs submitted data (to which no objection based on the rules of evidence appears to have been made) tending to show the pecuniary value of the time lost. These damages, however, and any others flowing from the suspension, as distinguished from the deprivation of a procedural due process right, would be recoverable only if a plaintiff's suspension would not have occurred absent the due process violation. *Cf. Hostrop, supra*, 523 F.2d at 579. On remand, therefore, as counsel for plaintiffs recognized at oral argument, if a plaintiff seeks to recover damages flowing from his suspension, the defendants will be entitled to offer evidence showing that there was just cause for the suspension and that therefore he would have been suspended even if a proper hearing had been held. If the District Court finds that to be the case, no damages may be recovered for suspension, and only damages resulting from the deprivation of due process rights may be awarded.

Equitable relief, however, should not depend upon whether plaintiffs would have been suspended in any event. The suspension orders that were entered were invalid because of the due process violations, and the defendants have not chosen to institute a new suspension proceeding that would have afforded a basis for a valid suspension order against either plaintiff. Even though they advise us that they have expunged all reference to the invalid suspensions from the plaintiffs' records, declaratory and injunctive relief consistent with the judgment should be granted.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and Remanded.*

---

**3.** See, *e. g., Seaton v. Sky Realty Co.*, 491 F.2d 634, 637 (7th Cir. 1974); *Sexton v. Gibbs*, 327 F.Supp. 134, 143 (N.D.Tex.1970), *aff'd*, 446 F.2d 904 (5th Cir. 1971), *cert. denied*, 404 U.S. 1062, 92 S.Ct. 733, 30 L.Ed.2d 751 (1972); *Magnett v. Pelletier*, 488 F.2d 33, 35 (1st Cir. 1973).