**Morton H. HALPERIN et al., Plaintiffs,**

v.

**Henry A. KISSINGER et al., Defendants.**

**Civ. A. No. 1187–73.**

United States District Court,
District of Columbia.

Aug. 5, 1977.

**1194**

John H. F. Shattuck, American Civil Liberties Union, New York City, for plaintiffs.

D. Jeffrey Hirschberg, Dept. of Justice, Michael Boudin, Covington & Burling, Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN LEWIS SMITH, Jr., J.

Following earlier proceedings in this case, the Court found that former President Richard Nixon, his White House Assistant, H. R. Haldeman, and Attorney General John Mitchell had violated the Fourth Amendment rights of plaintiffs Morton Halperin, his wife, and three children by subjecting them to a twenty-one month telephone wiretap. *Halperin v. Kissinger*, D.C., 424 F.Supp. 838 (1976). Now before the Court is the question of monetary and injunctive relief.

While conceding that they have suffered no palpable injury,[1] plaintiffs nevertheless insist on damages measured by the $100 per day standard set forth in Section 802 of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2520. *See Zweibon v. Mitchell*, 170 U.S.App.D.C. 1, 516 F.2d

---

1. ."No plaintiff claims any loss of employment or income resulting from the electronic surveillance. . . . the disclosure of the electronic surveillance. . . . [or] the purported use of the electronic surveillance." PLAINTIFFS' RESPONSE TO FEDERAL DEFENDANTS' REQUEST FOR ADMISSIONS.

594, 663–64 (1975), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). This contention is without merit. The Court has previously ruled that defendants were not bound by the procedural requirements of that statute, and it would be incongruous to subject them to its penalties.

■ Plaintiffs also seek compensatory damages relying on the theory that compensable injury is presumed in damage suits for violation of constitutional rights. *See Wayne v. Venable,* 260 F. 64 (8th Cir. 1919); *Basista v. Weir,* 340 F.2d 74 (3d Cir. 1965); *Hostrop v. Board of Junior College District No. 515,* 7 Cir., 523 F.2d 569, *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976).[2] That presumption cannot be invoked here. Speaking for the Court in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* Justice Brennan limited the damages remedy to only those who *"can demonstrate an injury consequent upon the violation* by federal agents of [their] Fourth Amendment rights". 403 U.S. 388, 397, 91 S.Ct. 1999, 2005, 29 L.Ed.2d 619 (1971) (emphasis supplied). *See Zweibon v. Mitchell, supra* at 659. In view of the fact that there is no demonstrable injury here, plaintiffs are not entitled to an award of compensatory damages.

■ Punitive damages are similarly inappropriate.[3] As stated in the prior opinion, "[t]here was justifiably grave concern in early 1969 over the leaking of confidential foreign policy information." Despite the Court's rejection of defendants' good faith defense, their conduct cannot fairly be characterized as a wanton, reckless or malicious disregard of plaintiffs' rights justifying the imposition of punitive sanctions. *See Knippen v. Ford Motor Company,* 546 F.2d 993, 1002 (D.C.Cir.1976).

■ It is evident, therefore, that the only pecuniary relief available to plaintiffs is nominal damages in the amount of One Dollar.[4]

■ Plaintiffs further ask for an order enjoining defendants from unlawfully intercepting plaintiffs' future conversations and from using or disclosing information concerning past wiretaps. Mr. Haldeman and Mr. Mitchell are in prison. Mr. Nixon is in voluntary seclusion and is prohibited by the Twenty-Second Amendment from regaining the Office of President. Consequently, the proposed relief is unnecessary.

■ Plaintiffs seek additional injunctive relief with regard to the disposition of the records of the surveillance. They agree that the original logs, summary letters, authorizations, and other records relating to the wiretap should be retained by the Department of Justice with future access to be determined by the Court. But they insist that they should have the only copy of these records and should be relieved of their obligation, under the April 1, 1974 Protective Order, not to disclose to anyone matter contained therein. The government acquiesces in plaintiffs' request for a copy of the logs but asks that it also be permitted to keep a copy for the duration of three

**2.** *See also Ashby v. White,* 92 Eng.Rep. 710, 2 Ld.Raym. 938 (1703); *Nixon v. Herndon,* 273 U.S. 536, 47 S.Ct. 446, 71 L.Ed. 759 (1927); *Nixon v. Condon* 286 U.S. 73, 52 S.Ct. 484, 76 L.Ed. 984 (1932); *Piphus v. Carey,* 545 F.2d 30 (7th Cir. 1976), *cert. granted,* 430 U.S. 964, 97 S.Ct. 1642, 52 L.Ed.2d 355 (1977).

**3.** The availability of punitive damages in *Bivens* actions is unsettled in this Circuit. *Compare Hartigh v. Latin,* 158 U.S.App.D.C. 289, 485 F.2d 1068, 1072 (1973), *cert. denied,* 415 U.S. 948, 94 S.Ct. 1470, 39 L.Ed.2d 564 (1974) *with Zweibon v. Mitchell,* 516 F.2d 594, 659, *cert. denied,* 425 U.S. 944, 96 S.Ct. 1684, 48

L.Ed.2d 187 (1976). *See Payne v. District of Columbia,* 559 F.2d 809 (D.C.Cir. 1977) (Tamm, J., Concurring). *See also Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1973); *Bell v. Hood,* 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

**4.** *See Chesapeake & Potomac Telephone Company v. Clay,* 90 U.S.App.D.C. 206, 194 F.2d 888 (1952). *Cf. Magnett v. Pelletier,* 488 F.2d 33 (1st Cir. 1973) ($1 nominal damages); *See generally,* J. Stein, Damages and Recovery §§ 177–181 (1972).

similar, pending cases.[5] This is a reasonable request and it will be granted by the Court. However, the government contention that any gag order should apply to all parties, not just defendants, is viewed in a different light. There is no compelling reason for prohibiting plaintiffs from revealing the contents of their own conversations.

■ Finally Dr. Halperin requests that his security file be amended to include a statement by Dr. Kissinger that the wiretap produced no information impugning either Dr. Halperin's loyalty or his discretion. General Haig had mistakenly informed the FBI that Dr. Halperin was relieved of his National Security Council position because of information gathered from the tap. Fairness requires inclusion of the Kissinger statement, and the government has agreed to add it.

Accordingly, it is by the Court this 5th day of August, 1977

ORDERED that defendants Nixon, Haldeman and Mitchell are liable, jointly and severally, to each of the plaintiffs for nominal damages in the amount of One Dollar; and it is further

ORDERED that the Court's April 1, 1974 Protective Order be, and the same hereby is, dissolved, and all files and documents previously covered by that Order be disposed of as follows: (A) originals of all logs, summary letters, authorizations, and records of any other character relating to plaintiffs' wiretap shall be kept in the files of the Department of Justice, with future access to be governed by order of this Court after plaintiffs have been given notice and the opportunity to be heard; (B) after the termination of any appeals, copies of records produced pursuant to the Protective Order shall be destroyed by all parties except the government, which shall be permitted to retain one copy for the duration of Civil Actions 1879–72, 77–887 and 76–798, and plaintiffs, who shall be permitted to retain a copy for their own use; and it is further

ORDERED that all defendants are permanently enjoined from making any use or disclosure of the intercepted wire communications of the plaintiffs; and it is further

ORDERED that defendants shall insert in Dr. Halperin's security file (A) that portion of General Haig's deposition in which he stated that his FBI interview form 302 incorrectly indicated that Dr. Halperin had been relieved of his National Security Council position because of information gathered from the wiretap, and (B) that portion of Dr. Kissinger's deposition in which he stated that he knew of no wiretap information inpugning either Dr. Halperin's loyalty or his discretion.

---

5. *Ellsberg v. Mitchell,* C.A. 1879–72 (D.D.C.); *Lake v. Ehrlichman,* C.A. 74–887 (D.D.C.); *Smith v. Nixon,* C.A. 76–798 (D.D.C.).