Claude L. HUNTLEY, Jr., Plaintiff-Appellant,

v.

COMMUNITY SCHOOL BOARD OF BROOKLYN, NEW YORK DISTRICT NO. 14, and William A. Rogers in his official capacity as Community Superintendent of District No. 14, Defendants-Appellees.

No. 1011, Docket 78–7114.

United States Court of Appeals, Second Circuit.

Argued June 5, 1978.

Decided June 27, 1978.

James I. Meyerson, New York City (Nathaniel R. Jones, N.A.A.C.P., New York City, of counsel), for plaintiff-appellant.

Francis F. Caputo, New York City (Allen G. Schwartz, Corp. Counsel of the City of New York, and L. Kevin Sheridan, New York City, of counsel), for defendants-appellees.

Before FEINBERG and MANSFIELD, Circuit Judges, and WERKER, District Judge.*

PER CURIAM:

Claude L. Huntley, Jr. appeals from a grant of nominal damages in the amount of $100 by Judge Weinstein of the United States District Court for the Eastern District of New York following a jury trial on the issue of Huntley's entitlement to damages for infringement of his Fourteenth Amendment rights.

This action, now before us for the second time, began in November 1973 following Huntley's termination as acting principal of Intermediate School 33 in Brooklyn, New York. The district court dismissed Huntley's complaint in February 1975 after a three-day bench trial. The facts underlying the litigation are summarized in *Huntley v. Community School Board,* 543 F.2d 979, 980–83 (2d Cir. 1976), cert. denied, 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 773 (1977) (*Huntley I*). In *Huntley I,* we rejected appellant's claim of racial discrimination but concluded that the procedures used in terminating appellant's employment insufficiently respected his interest in his professional reputation, giving rise to a viable claim of deprivation of due process. We held

> that Huntley was entitled to a fair hearing prior to the [Community School] Board's public announcement of charges which might impair his chances of future employment as a school supervisor and which might damage his professional reputation.

Id. at 986. The case was remanded "for determination of appropriate relief" "including what damages, if any, Huntley may be able to prove that he sustained." Id.

There followed a jury trial before Judge Weinstein in which, while not disputing that his termination was justified, Huntley attempted to prove that the Community School Board's inadequate procedures had

* Hon. Henry F. Werker, United States District Judge for the Southern District of New York, sitting by designation.

subjected him to unnecessary stigma, causing him emotional distress and eroding his subsequent employment opportunities. The jury nonetheless returned a verdict of no damages; the forelady appended to her announcement of this result the gratuitous observation that

> We find that . . . the plaintiff's Constitutional rights were not violated . . . due to the fact that he was dismissed . . . and [we] therefore feel that no compensation is due to the plaintiff.

Since these remarks manifested confusion regarding the court's instructions, which had required that the violation be presumed and left only the amount of damages for consideration by the jurors, Judge Weinstein refused to accept the verdict. Huntley's counsel volunteered the recommendation that the jury be reminded "that there is a Constitutional violation, and that it is not an issue for them to consider, and then they [are to] decide how much damages, if any." The court accepted this suggestion and supplemented the jury's instructions accordingly. Some three minutes after retiring to reconsider the case, the jury once again declined to award any damages. Judge Weinstein denied a motion by Huntley for a voir dire of the jurors, but indicated his intention to grant a new trial unless defendants agreed to an additur of $100, which they ultimately did. Appellant's urgings that the additur be increased were rejected, although Judge Weinstein observed that had he been sitting as a juror "I would have found at least $1,000 . . . I think if a man's constitutional rights were violated, it's worth more than $100."

■ Prior to oral argument before us in this case, the Supreme Court decided *Carey v. Piphus*, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). *Carey* is dispositive on the question whether "substantial nonpunitive damages" may be awarded to civil rights plaintiffs who, like Huntley, "do not prove that any . . . actual injury was caused by the denial of procedural due process." Id. at 248, 98 S.Ct. at 1044. The Court held that where (as here) no actual injury has been made out, plaintiffs demon-

strating that they have been denied procedural due process rights should receive nominal damages. Id. at 247, 98 S.Ct. 1042. Appellant purports to take comfort from this holding, but fails to note the actual award set by the Court, which was "not to exceed one dollar" if on remand the district court found that respondents' injuries did not exceed exposure to procedural abuses. Id. In the instant case, the award of nominal damages was substantially greater than one dollar, and given *Carey* we cannot characterize the amount as inadequate.

■ Appellant argues that he is entitled to a new trial due to the evident confusion underlying the jury's initial verdict. Yet when that verdict was rendered, appellant did not move for a mistrial, but instead suggested a curative instruction, which the trial court proceeded to give. Appellant may not now complain that the verdict subsequently rendered was not to his liking. True, the second verdict followed close on the heels of the first and was identical to it in substance if not in form, but on the record presented a finding of no actual damages was not unreasonable. The most plausible interpretation of the jury's precipitate return is that a consensus had been reached prior to the first vote on the inadequacy of the proof of damages, and not—as appellant maintains—that the jury ignored the district court's admonition that infringement of appellant's constitutional rights must be presumed. Certainly there were no adequate grounds for overriding "[t]he strong policy against any post-verdict inquiry into a juror's state of mind." *United ed States v. Dioguardi*, 492 F.2d 70, 79 (2d Cir.), cert. denied, 419 U.S. 873, 95 S.Ct. 134, 42 L.Ed.2d 112 (1974).

■ Appellant contends that the district court's imposition of an additur reflected the fact that the verdict of no damages was palpably insufficient, and concludes that the proper remedy under the circumstances was a new trial. But Judge Weinstein unambiguously stated that the $100 additur constituted "nominal damages for violation

of plaintiff's constitutional right"; it was not intended as a substitute for compensatory damages that should, in the court's view, have been awarded. After *Carey* it is unclear that nominal damages of even the $100 Judge Weinstein awarded could survive a challenge by the designated payor; [1] if Huntley is suggesting that he might have received more nominal damages from a jury in a new trial, the short answer is that under *Carey* he would not have been permitted to retain them. *Cf. Magnett v. Pelletier,* 488 F.2d 33, 35 (1st Cir. 1973) (refusing to permit an award of nominal damages in excess of one dollar in civil rights action although trial court had awarded $500); McCormick on Damages § 21, at p. 87 (1935) ("generally accepted practice . . would consider as 'nominal' only an amount such as a few cents or a few dollars, say not more than $10").

Appellant also urges that even absent proof of actual injury he was entitled to a jury finding on punitive damages. Judge Weinstein admonished the jurors that "[n]o punitive damages can be awarded." *Carey* left open the question whether "exemplary or punitive damages might not be awarded in a proper case under § 1983 with the specific purpose of deterring or punishing violations of constitutional rights." 435 U.S. at 257 n. 11, 98 S.Ct. at 1049. *Cf. Zarcone v. Perry,* 572 F.2d 52 (2d Cir. 1978) (upholding $60,000 punitive damages award based on civil rights violation resulting from "outrageous" and "intolerable" abuse of official power).

Here, as in *Carey,* however, there was no proof that appellees acted "with [a] malicious intention to deprive respondents of their rights or to do them other injury . . . ." 435 U.S. at 257, n. 11, 98 S.Ct. at 1049. It bears recalling that the procedural violation at issue here, as defined by

the *Huntley I* court, lay in the public announcement of charges against Huntley prior to the holding of a "fair hearing." 543 F.2d at 986. The "public announcement" was made pursuant to an order by the Acting Chancellor of New York City's Board of Education, who stated in a letter to the Community Board that the Huntley termination must be "adopted or ratified at a duly noticed public meeting." Although one of Huntley's witnesses said that other probationary employee terminations had been "ratified" at public meetings without mention of the name of the individual involved, the defense countered with uncontradicted testimony that the anonymous ratification procedure—an out-growth of contractual and Board of Education by-laws provisions—was limited in applicability to probationary *teachers,* and that "[t]here is no such procedure for terminating an acting principal in the by-laws of the Board of Education, nor in any contractual procedure." Of course, in hindsight the matter could and should have been handled more delicately, but the Board members were not flouting any guidelines known by them to be binding when they released the charges against Huntley. Their failure to anticipate the *Huntley I* holding would not support a punitive award. *Cf. Wood v. Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 43 L.Ed.2d 314 (1975). Finally, as we noted in *Huntley I*—and as was reiterated in testimony below—"five of the Board members who voted to terminate Huntley had resisted attempts three years earlier to have Huntley's original appointment set aside in the state courts as illegal." 543 F.2d at 984. Assuming arguendo that punitive damages can be grounded upon reckless indifference to the rights of others as well as upon malice, *Silver v. Cormier,* 529 F.2d 161, 163 (10th Cir. 1976), and that punitive damages may be recovered in actions premised upon

1. Appellees have not presented any such challenge, so we need not reach the issue here. Nor do we pass upon whether the district court's use of additur, a procedure generally unavailable in the federal courts, was proper. Cf. 6A J. Moore, Federal Practice ' 59.05[4]; Note, Remittitur Practice in the Federal Courts, 76 Colum.L.Rev. 299 n. 2 (1976). Appellees

have not contested the court's power to employ the device, and appellant does so only insofar as the additur supplanted what for him would have been the preferred course of holding a new trial. As already noted, retrial of this case would have been neither necessary nor appropriate.

**742**

civil rights violations even in the absence of actual loss to the plaintiff, *Stolberg v. Members of Board of Trustees,* 474 F.2d 485, 489 (2d Cir. 1973), we are nonetheless convinced that no reasonable juror could have inferred the requisite bad faith from the trial record. Cf. *Askew v. Bloemker,* 548 F.2d 673, 679 (7th Cir. 1976).

Exception is taken to the admission of evidence at trial regarding the reasons for Huntley's discharge. Appellant complains that he "was willing to and, in fact, did concede the justification for his termination," alleging that this evidence was therefore irrelevant to the issues being tried. But appellees plausibly respond that since Huntley's effort to win compensatory damages hinged in part on proof of mental distress, they were entitled to demonstrate the existence of alternative sources for that distress: namely, the justified dismissal of Huntley and the chaotic conditions that led to it. Moreover, the defense's recapitulation of the protracted interval of friction between Huntley and his superiors cut against appellant's claim that his injuries were compounded by shock at an unexpected loss of employment.

Finally, appellant contests the trial court's refusal to award attorneys fees, as it was empowered to do under 42 U.S.C. § 1988. We find no abuse of discretion in Judge Weinstein's conclusion that appellant at most had won a "moral victory" of insufficient magnitude to warrant an award under § 1988.

The judgment of the district court is affirmed.