John **FURTADO** and Gerald Sousa, Plaintiffs,

v.

Harold **BISHOP** et al., Defendants.

Civ. A. No. 70–1805–G.

United States District Court, D. Massachusetts.

July 11, 1978.

Max D. Stern, Michael Avery, Boston, Mass., for plaintiffs.

Joseph P. Gordon, Jr., Asst. Atty. Gen., Boston, Mass., for defendants.

## OPINION

ALDRICH, Senior Circuit Judge.*

In this action brought under the Civil Rights Act, 42 U.S.C. § 1983, the jury awarded plaintiffs, one present and one former Massachusetts state prisoner, damages totalling $27,500 against various state prisons officials. Plaintiffs' co-counsels' motion for an award of fees under the Civil Rights Attorney's Fees Award Act of 1976, Pub. L.No. 94–559, 90 Stat. 2641 (amending 42 U.S.C. § 1988), is now before the court, and possibly raises a question on which I have no guidance. I make the following findings and observations.

1. Summarizing counsels' affidavits, the hours spent, which I accept, and the amounts claimed, are,

| Mr. Stern | | | | |
|---|---|---|---|---|
| 1970–71 | 212 hours | at $23. | (his then salary) | $ 4,876. |
| 1977–78 | 141.5 hours | at $100. | | 14,150. |
| | | | | |
| Mr. Avery | | | | |
| 1978 | 59.3 hours | at $100. | | 5,930. |
| | | | | $24,956. |

This is only 10% less than the total recovery.

2. Although there may well be some incidental benefits, (with which one plaintiff, being no longer incarcerated, was not concerned), this was primarily a suit seeking actual and punitive damages for one episode of alleged prison brutality and consequences following therefrom, and not an action for improvement of conditions.

3. In many years of trial practice, I rarely saw a case where, although there may be benefits, there was not also considerable duplication involved in having more than one counsel.[1] It is the unusual case where a client really needs two concurrent lawyers, at least of full skill and ability.

4. The result—combined or single—was highly qualified representation.

5. This was, of course, a contingency case. With this fact should be considered the circumstance that, with one exception, counsel failed in their attempt to establish malice, and hence to recover additional damages for such. This means that the verdict was less than a complete win. On the other hand, I do not find that any part of counsels' time was specially devoted to that aspect of the case, and hence unproductively.

If this were not a suit under the Civil Rights Act, and counsel were looking to their clients for their fee, I would find 50% of the dollar recovery, or $13,750, to be the reasonable fee. However, had the recovery been larger, the time and effort involved would in my opinion have justified a 50% fee up to some further point before coming down into the familiar one-third area. It has been suggested to me by a brother district judge that because Congress intended special consideration to be applicable to Civil Rights actions a reasonable fee to charge a defendant[2] could be a larger fee than what would normally be chargeable to the plaintiff.

The most seemingly obvious special consideration that Congress had in mind was that plaintiff's recovery should not be reduced by having to pay counsel, with the consequent encouragement of meritorious suits. Very possibly, also, there was a con-

---

* Sitting by designation.

1. As an example here, each counsel seeks $100 an hour for waiting all afternoon and evening for the verdict.

2. "[T]he court, in its discretion, may allow the prevailing party, . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988.

cept of smart money, and its deterrent effect. But even this assumption is met by the fact that whether the defendant is to be charged with the fee at all is in the discretion of the court. For the court to impose an even larger amount than what would have been the normal reasonable fee would seem to engage in a substantive determination beyond the statutory language; in other words, a substantive penalty. *Cf. Del Rio v. Northern Blower Co.*, 1 Cir., 1978, 574 F.2d 23. I do not so construe the statute, and accordingly charge each defendant with paying a fee equivalent to one half of the judgment against him, plus a corresponding share of counsel's disbursements, which I find to be reasonable. As with the primary judgments, there is, of course, to be no double recovery.

If I am mistaken in this the Court of Appeals should consider that I have made a ruling, not an exercise of discretion. I would have found that counsel legitimately put $20,000 worth of work into the case, timewise.

*So ordered.*