**Francesco G. CAMPITI and Joseph Pioggia, Plaintiffs,**

**v.**

**Michael A. WALONIS et al., Defendants.**

**Civ. A. No. 76–2968–C.**

United States District Court,
D. Massachusetts.

March 20, 1979.

---

Max D. Stern, Burnham, Stern & Shapiro, Boston, Mass., for plaintiffs.

Lee Carl Bromberg, Special Asst. Atty. Gen., Dept. of Correction, Boston, Mass., for defendants.

## JUDGMENT

CAFFREY, Chief Judge.

This is a civil action the underlying facts of which are described in extensive detail in this Court's opinion in *Campiti v. Walonis*, 453 F.Supp. 819 (1978). The matter is now before the Court on the issue of damages and attorney fees. The facts will be restated herein only to the extent necessary to an understanding of the parties' contentions concerning damages and attorney fees and the Court's resolution of those issues.

On September 19, 1975 defendant Walonis, an investigator for the Massachusetts Department of Corrections, acting without a warrant, secretly monitored a telephone conversation between Francesco Campiti, an inmate at the Massachusetts Correctional Institution at Walpole, and Chester S. Martin, Sheriff of Franklin County, Massachusetts. Joseph Pioggia, an inmate at the Franklin County House of Correction, was also a party to the intercepted conversation.

Defendant Walonis was acting with the permission of and at the request of prison officials, Gunther and Brown, when he monitored the telephone call. After intercepting the communication, Walonis disclosed its contents to a number of prison and state law enforcement officials not only on the day of the call but also on September 22 and 29, 1975. The disclosures were authorized by his superior Commissioner of Corrections, Frank Hall.

Campiti and Pioggia brought this action under the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C.A. §§ 2510–2520, and its state counterpart, the Massachusetts wiretap statute, Mass.Gen.Laws ch. 272 § 99(Q). After a one-day, non-jury trial, this Court ruled that all defendants had violated both federal and state law. *Campiti v. Walonis, supra.*

On November 7, 1978 a hearing was held to determine damages, and on December 1, 1978 plaintiffs filed an application for attorney fees and expenses. These matters are currently before the Court for consideration.

Congress, in legislating Section 2520, provided for minimum liquidated damages of $1,000, in the event that actual damages are less than that amount. Plaintiffs have made no attempt to prove actual damages and concede that the liquidated damage clause is applicable on the facts of this case. Plaintiffs also seek to recover punitive damages and reasonable attorney fees and costs of litigation pursuant to Section 2520. Defendants concede their liability for liquidated damages and reasonable costs and attorney fees but differ with plaintiffs as to the amount. Defendants deny their liability for punitive damages.

 Although reliance on a court order or legislative authorization is required to establish a good faith defense to the statute, *Campiti v. Walonis, supra,* evidence that defendants believed they were acting lawfully is pertinent to a determination of whether they acted with malice or wantonness so as to render punitive damages appropriate. *See Halperin v. Kissinger,* 434 F.Supp. 1193 (D.D.C.1977). I find that because defendants believed in the propriety of their actions that the maliciousness or wantonness required for the imposition of punitive damages is not present on the facts of this case. I rule that this is not an appropriate case for an award of punitive damages.

Plaintiffs are, however, entitled under 18 U.S.C.A. § 2520(a) and (c) to recover liquidated damages and reasonable attorney fees and costs of litigation.

In drafting Section 2520, Congress provided for the wiretapped plaintiff who suffers no actual damages. The statute provides in pertinent part:

Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications and (2) be entitled to recover from any such person—

(a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000 whichever is higher;

. . .

Plaintiffs argue that, because the Court has found both interception and disclosure in the instant case, *Campiti v. Walonis, supra,* there should be separate awards of liquidated damages, for the interception and the disclosure.

 I rule that the interceptions and disclosures in the instant case were incidents of one single investigation which took place within a ten-day period. The violation of plaintiffs' rights, although actionable, were not substantial and no actual damage was suffered. Each plaintiff is entitled to a recovery of liquidated damages in the amount of $1,000.

Defendant Walonis acted in contravention of the statute on September 19, 22 and 29, 1975. Defendant Hall procured Walonis to make disclosures on each of those days. Defendants Gunther and Brown procured Walonis to intercept the call on September 19. All defendants are, therefore, jointly and severally liable for the minimum amount of $1,000 in liquidated damages set forth in the statute.

It is unnecessary for the Court to discuss an award of liquidated damages under the Massachusetts wiretap statute because plaintiffs are entitled to only one recovery.

18 U.S.C.A. § 2520(c) also expressly provides for the recovery of "a reasonable at-

torney's fee and other litigation costs reasonably incurred."

Defendants do not dispute that plaintiffs are entitled to reasonable costs and attorney fees but contend that only a 50% contingent fee of $1,000 should be allowed by the Court.

Plaintiffs' counsel has presented to the Court an affidavit setting forth an account of 84.3 hours for which counsel seeks to recover $85 per hour.

In *Sargeant v. Sharp*, 579 F.2d 645, 648 (1st Cir. 1978), the Court of Appeals for the First Circuit recognized that in cases where counsel is entitled to fees "the amount of the award must be adequate to provide an incentive 'to attract competent counsel.'" In cases such as the case at bar where no actual damage has been suffered it would be difficult indeed for a wiretapped plaintiff to vindicate his rights under the statute if counsel could anticipate only a contingent fee computed as a percentage of a $1,000 recovery.

As has been discussed, Congress, in providing for the recovery of minimum liquidated damages, evidenced a clear concern for the wiretapped plaintiff even where no actual damage has been sustained. That legislative concern is undermined by an interpretation of "reasonable attorney's fees" as requiring a contingent fee arrangement. Although there will be many cases under the statute where a contingent fee will, indeed, be reasonable, *e. g., Furtado v. Bishop*, 453 F.Supp. 606 (D.Mass.1978), on the facts currently before the Court a 50% contingent fee is unreasonably low.

Counsel for the plaintiffs has spent a total of 84.3 hours in preparation and trial of the case at bar. During that time he was unable to handle matters for other clients. Plaintiffs' attorney has been practicing in Massachusetts for eight years during which time he has become experienced in cases of this kind.

Plaintiffs were successful on all issues at trial, and, although those issues were not unduly complicated or novel, it was also necessary to dispose of a number of ques-

tions before trial. I find, therefore, that 84.3 hours was a reasonable expenditure of time for this case.

■ I further find that $60 per hour is a reasonable rate of compensation for attorneys engaged in federal litigation and well within the range of customary fees for such services in the Boston area. These are the relevant factors which the Court of Appeals for this Circuit has ruled to be essential in a determination of what is a reasonable attorney fee. *Souza v. Southworth*, 564 F.2d 609 (1st Cir. 1977); *King v. Greenblatt*, 560 F.2d 1024 (1st Cir. 1977), *cert. denied*, 438 U.S. 916, 98 S.Ct. 3146, 57 L.Ed.2d 1161 (1978), citing *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). On the basis of the foregoing, therefore, I find that a reasonable attorney fee for the case at bar is $5,058 and further find that on the facts of this case a contingent fee would not sufficiently motivate competent counsel to handle plaintiffs' case.

By their affidavit plaintiffs have also established litigation costs of $396.80 for filing fees, depositions, and other reasonable costs of litigation. Under the terms of 18 U.S.C.A. § 2520(c), plaintiffs are also entitled to recover that amount.

Order accordingly.