Timothy FORKES, Plaintiff,

v.

Ernie BUSSE, Donald Johnson, Michael Velvikis, and St. Luke's Hospital Association, Inc., Defendants.

No. 78–C–846.

United States District Court,
E. D. Wisconsin.

March 12, 1981.

Angermeier & Rogers by Robert C. Angermeier, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Laurence C. Hammond, Milwaukee, Wis., for St. Luke's.

Minahan & Peterson by Don S. Peterson, Schellinger & Doyle by Robert R. Beltz, Milwaukee, Wis., for individual defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

On November 26, 1980, after a two and a half day trial, I found that the defendants had intercepted the plaintiff's oral conversations by use of a hidden microphone in violation of 18 U.S.C. § 2520. Finding no actual damages, I awarded Mr. Forkes $2100 in statutorily liquidated damages and $750 in attorney's fees. The plaintiff's motion to increase the award of attorney's fees was denied.

The plaintiff has now moved to amend the judgment to increase the award of attorney's fees. The motion is supported by affidavits of the plaintiff's attorneys in which they detail nearly 240 hours of time spent on this case. The plaintiff's attorneys request compensation at the rate of sixty dollars per hour and an additional twenty-five percent of their hourly rate to compensate them "for the contingencies involved in prevailing on the merits." The total amount sought is approximately $18,000. In opposition, the defendants contend that the present $750 award represents a reasonable fee and constitutes a proper exercise of the court's discretion.

Unlike other federal statutes which provide that the district court "may" award attorney's fees to a prevailing party, the relevant statute provides that the court "shall" award a reasonable attorney's fee. 18 U.S.C. § 2520(c). There are several cases decided under this statute which have construed the attorney's fee provision liberally in favor of the prevailing plaintiffs. In *Jacobson v. Rose*, 592 F.2d 515, 521 (9th Cir. 1978), the court approved an award of $12,000 in attorney's fees, although the plaintiffs' attorneys sought $40,000; the jury had awarded $12,000 in liquidated damages. In a case even more favorable to counsel, *Campiti v. Walonis*, 467 F.Supp. 464

(D.Mass.1979), the district court awarded $1000 in statutory damages and $5058 in attorney's fees.

█ In the instant case, the plaintiff's attorneys participated in considerable pretrial discovery, much of which was initiated by the defendants. In addition, the plaintiff was required to oppose a motion for summary judgment belatedly filed by the defendants after the pretrial conference. While the defendants have steadfastly denied liability throughout the course of this litigation, they did not disavow the fact of the hidden microphone; instead they contended that it was not authorized by a responsible official of the hospital and that it was not implanted in bad faith.

My decision to award the plaintiff $750 in attorney's fees was based in part on my perception that the plaintiff's attorneys had over-tried this case. I pointed out that the plaintiff did not suffer any actual damages as a result of the defendants' actions, as Mr. Forkes virtually conceded in his testimony at trial. I also emphasized my belief that the issues were neither complex nor weighty.

It is entirely proper for an attorney to press enthusiastically his client's claim under this statute and to expect a reasonable fee for such services if his client prevails. However, in the instant case, I think it was very clear from the outset that Mr. Forkes suffered no damages other than the liquidated damages provided by the statute. I was not impressed by his contention that he was especially distraught over the hidden microphone because he was a war veteran. Similarly, Mr. Forkes' effort to establish an anti-union motive in connection with the hidden microphone fell far short. The right to pursue a claim with no realistic damages other than those small amounts allowed by the statute should not be translated into an open-ended opportunity to perform excessive legal work. Mr. Forkes' counsels' proposed fee of $18,000 is shockingly high.

The instant case differs from *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980), where the relevant statute was permissive ("may") rather than directive ("shall") as to

attorney's fees. Nevertheless, the $18,000 fee sought by present counsel is faintly but uncomfortably reminiscent of the "outrageously unreasonable one" asked for in *Brown.* In my opinion, the modest $750 fee that I awarded to plaintiff's counsel at the conclusion of the trial is far and away closer to a reasonable fee than the enormous $18,000 requested on this application.

■ However, based on the briefs and affidavits before me, and after considering the factors set forth by the court of appeals in *Waters v. Wisconsin Steel Works of International Harvester Co.,* 502 F.2d 1309, 1322 (7th Cir. 1974), I am persuaded that a fee somewhat higher than the $750 award is justified.

Balancing these considerations against the factors described above, and giving weight to the evident congressional policy of encouraging counsel to handle cases under the statute involved in the case at bar, I now find that the sum of two thousand dollars represents a reasonable attorney's fee. The judgment will be amended accordingly.

Therefore, IT IS ORDERED that the judgment entered in this case on November 26, 1980, be amended to increase the award of attorney's fees from $750 to $2000.