**David Lee Den HARTIGH, Appellant,**

v.

**John LATIN, Jr., et al.**

**Michael H. MARSH, Appellant,**

v.

**Walter W. HOLLINGSWORTH et al.**

**Nos. 73-1279, 73-1740.**

United States Court of Appeals,
District of Columbia Circuit.

Oct. 5, 1973.

Alan Dranitzke, Washington, D. C., was on the Motion for Summary Reversal in No. 73–1279.

John E. Vanderstar, Washington, D. C., was on the Motion for Summary Reversal in No. 73–1740.

C. Francis Murphy, Corp. Counsel, Richard Barton and David P. Sutton, Asst. Corp. Counsel, Washington, D. C., were on the opposition for appellee.

Before BAZELON, Chief Judge, and LEVENTHAL, Circuit Judge.

PER CURIAM:

These cases both arise from complaints alleging excessive use of force and other violations of constitutional rights by named officers of the Metropolitan Police Department, their immediate supervisors, and the District of Columbia. Both cases were certified to the Superior Court of the District of Columbia, and it is from such transfers that these appeals are taken.

Because of the importance of the questions raised by these appeals, and the policy of the District Court which they reveal, we have thought it important to set forth the reasons for granting appellants' motions for summary reversal of those transfers.

Appellants asserted that jurisdiction over their claims below arose under both the Constitution and the Civil Rights Acts of the United States, in particular 42 U.S.C. §§ 1983 and 1985. Both appellants also asserted that the amount in controversy exceeded $10,000.

In District of Columbia v. Carter,[1] the Supreme Court held that 42 U.S.C. § 1983 does not apply to suits for damages arising under "color of law" of the District of Columbia, since the District of Columbia is not a "State or Territory" within the meaning of the statute. The District Court in both cases based the transfer of the actions to the Superior Court on the *Carter* decision.[2] We believe that extension of the *Carter* case to be erroneous.

Jurisdiction below was also asserted in both cases on the basis of 28 U.S.C. § 1331(a) which provides:

> The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum of value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States.

The Supreme Court has held that under this provision the district courts have jurisdiction over disputes which involve alleged infringements of constitutional liberties by federal officers. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395–396, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); Bell v. Hood, 327 U.S. 678, 685, 66 S.Ct. 773, 90 L.Ed. 939 (1946). Moreover, for the purpose of determining jurisdiction, such allegations are not to be interpreted harshly against the plaintiff:

> Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see

---

[1]. 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973).

[2]. In No. 73–1209, the court below stated:

In light of the *Carter* case, this will be certified to the Superior Court.

. . . . .

This does not require a motion. That was 'the decision of the Judges of this Court, that these cases would be certified to the Superior Court.

In No. 73–1740, the court based its order on both the *Carter* decision and a finding that the action would not justify a judgment of more than $10,000.

if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. . . . [W]here the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court but for two possible exceptions . . . must entertain the suit. . . .

. . . The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged [federal question] . . . appears to be immaterial . . . or . . . wholly insubstantial and frivolous.[3]

. In two recent cases, this court has found jurisdiction under 28 U.S.C. § 1331 (a) over alleged police misconduct in depriving citizens of rights secured to them by the Fourth and Fifth Amendments. In Sullivan v. Murphy, this court specifically found that jurisdiction to consider equitable relief from police misconduct in the District of Columbia under § 1331(a) survives the *Carter* finding that such jurisdiction cannot be maintained under 42 U.S.C. § 1983.[4] In Gomez v. Wilson, where the appellant sought equitable relief against enforcement of the District of Columbia vagrancy statute on the grounds that it infringed his rights under the Fourth and Fifth Amendments, this court held that the controversy was one properly within the "federal question" jurisdiction of the court.[5]

■ However, the test for jurisdiction under § 1331(a) is both the existence of a federal question and determination of an amount in controversy of more than ten thousand dollars. When the amount claimed to be in controversy is asserted for jurisdictional purposes, the plaintiff's allegation is to be accepted unless "it is apparent, to a legal cer-

tainty, that the plaintiff cannot recover the amount claimed, or . . . that the plaintiff never was entitled to recover that amount." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); Gomez v. Wilson, *supra;* Spock v. David, 469 F.2d 1047, 1052 (3d Cir. 1972); Gillentine v. McKeand, 426 F.2d 717, 720 (1st Cir. 1970); Arnold v. Troccoli, 344 F.2d 842, 845 (2d Cir. 1965). Upon the record before us in these cases, we cannot find, to a legal certainty, that no recovery could satisfy the statutory standard in the cases before us.

■■ Appellant Marsh alleged that on February 20, 1970, while he was standing in the lobby of his dormitory at George Washington University watching an antiwar demonstration, two police officers assaulted him and arrested him. Subsequently, they again beat him, took him to the local police station and booked him, and incarcerated him for approximately nine hours. His complaint below sought $10,000 in compensatory damages for physical injuries, mental anguish and medical bills. He also sought compensation for actual and prospective loss of earnings due to his injuries.

Plaintiff Marsh's allegations for the compensatory damages alone would seem to meet the statutory requirement. He submitted below an affidavit of medical bills totalling over $900, and computed lost compensation for summer work as $530. At the time of the alleged beating, he was a law student at George Washington University and he alleges that he will lose future earnings as a lawyer because of the effects of the beating. Plaintiff also sought $25,000 in punitive damages. It is clear that punitive damages should be considered in determining the jurisdictional amount

3. Bell v. Hood, *supra,* at 681–683, 66 S.Ct. at 775–776.

4. 155 U.S.App.D.C. 28, 478 F.2d 938, 960 (1973).

5. 155 U.S.App.D.C. 242, 250, 477 F.2d 411, 419 (1973).

in controversy. Bell v. Preferred Life Assurance Society, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943); Barry v. Edmunds, 116 U.S. 550, 562, 6 S.Ct. 501, 29 L.Ed. 729 (1886); Davis v. Peerless Insurance Co., 103 U.S.App.D.C. 125, 129, 255 F.2d 534, 538 (1958). Finally, there is no record below that supports a finding of lack of good faith in alleging the jurisdictional amount. Wood v. Stark Tri-County Building Trades Council, 473 F.2d 272, 274 (6th Cir. 1973); Deutsch v. Hewes Street Realty Corp., 359 F.2d 96, 100–101 (2d Cir. 1966).

■■ Appellant Hartigh alleged that while he was incarcerated in the jail of Metropolitan Police Force No. 8 he was beaten by police officers who broke his wrist. The complaint also alleged that appellant was imprisoned under conditions amounting to cruel and unusual punishment, and was denied the equal protection of the laws. Plaintiff below prayed for $100,000 in compensatory damages and $100,000 in punitive damages. As in No. 73–1740, there was no record that these jurisdictional allegations of damages were disputed below.

The factual allegations of injury before this court are that appellant suffered a broken wrist and sustained medical bills of $24.00. In view of these very limited medical injuries, there may arise some question of the amount in controversy. However, appellant also claims the infringements of constitutional rights. Although infringement of these rights may be difficult of precise monetary evaluation, that does not make them non-justifiable under § 1331(a). Spock v. David, *supra;* Wolff v. Selective Service Local Board No. 16, 372 F. 2d 817, 826 (2d Cir. 1967). This Court has accepted, for jurisdictional purposes, allegations of an amount in controversy exceeding $10,000 for twelve to fourteen hours of false imprisonment without physical injury. Sullivan v. Murphy, *supra,* at n. 34 of 478 F.2d. Furthermore, Hartigh sought punitive damages below, and such damages are to be included in the amount in controversy for jurisdictional purposes. Bell v. Preferred Life Assurance Society, *supra.*

■ Where the plaintiff has asserted a denial of constitutional rights and more than $10,000 in damages, and where the defendant has not disputed the amount in controversy, the plaintiff is entitled to at least a hearing on the factual issue of whether or not the dispute reaches the jurisdictional amount. In this case, there was no factual or legal hearing on the issue of jurisdiction; the court merely stated:

In light of the Carter case, this will be certified to the Superior Court.[6]

■ With regard to the actions against the superior police officers and the District of Columbia, since plaintiffs have made sufficient allegations to meet the statutory minimum for jurisdiction in the action against the officers, they are entitled to invoke the doctrine of ancillary jurisdiction against the other defendants for negligence. Marusa v. District of Columbia, 157 U.S.App.D.C. ——, 484 F.2d 828 (1973).

In No. 73–1740, we vacate the order of April 26, 1973, certifying the case to the Superior Court and remand the case to the District Court for further proceedings. In No. 73–1279, we vacate the order of February 9, 1973, and remand the case for further proceedings.

So ordered.

6. Tr. of Status Call on February 12, 1973, at 2.