Robert A. W. BORAKS and Nicola-Maria Barthen, Plaintiffs,

v.

Jerry V. WILSON et al., Defendants,

Civ. A. No. 74–402.

United States District Court, District of Columbia.

Aug. 22, 1974.

David Weissbrodt, William H. Allen, Covington & Burling, Washington, D. C., for plaintiffs; Ralph J. Temple, ACLU Fund, of counsel.

C. Francis Murphy, Corp. Counsel Dist. of Columbia, John A. Earnest, Mellie H. Nelson, Asst. Corp. Counsels, Washington, D. C., for defendants.

## MEMORANDUM

SIRICA, District Judge.

This case concerns a suit resulting from alleged police misuse of the Washington Area Law Enforcement System (WALES)—a computer system containing records of outstanding warrants, traffic tickets, etc. Plaintiff Nicola-Maria Barthen was stopped for a traffic violation on March 15, 1974. The arresting officer radioed WALES to see if there were any outstanding warrants against Ms. Barthen. When he learned that there were, he took her into custody and transported her to a police station. There she called her attorney, the plaintiff Robert A. W. Boraks. While attempting to secure her release a dispute arose between Mr. Boraks and the police over when and how the collateral for Ms. Barthen could be posted. Mr. Boraks allegedly incurred the anger of an Officer Long who, allegedly motivated by his anger toward Boraks, obtained his license and conducted a WALES check on him. When that revealed that he, too, had outstanding traffic warrants, Boraks was arrested and detained in jail for over three hours before bail was arranged. Plaintiffs filed this suit against the city and certain police officers seeking $25,000 in compensatory and $25,000 in punitive damages; an injunction prohibiting the arbitrary use of WALES by the police; and a declaratory judgment that the police regulations which permitted the allegedly improper use of WALES are illegal and unconstitutional.

Plaintiffs claim that "[t]his Court has jurisdiction of the present action under 28 U.S.C. §§ 1331(a) and 2201." The latter section is part of the Declaratory Judgment Act. That Act in general, and section 2201 in particular, authorizes a federal court to grant the remedy of a declaratory judgment. But it does not contain a separate grant of jurisdiction, and the specific limitations otherwise imposed upon the jurisdiction of federal courts are not modified or repealed by that provision. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); Goldstein v. Johnson, 87 U.S.App.D.C. 159, 184 F.2d 342 (D.C.Cir.1950).

Section 1331 of Title 28 provides for federal question jurisdiction. It reads, in part:

"(a) The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

The defendants allege that the claim for damages will not amount, in good faith, to $10,000, and the recent decision in James v. Lusby, 499 F.2d 488 (D.C. Cir., 1974) is cited to support this alle-

gation. That case concerned a college student who was arrested for disorderly conduct after he shouted obscenities at a policeman and repeatedly used profanity when questioned by the officer. The student returned to school before his court appearance date, thus incurring a default judgment and forfeiting his collateral bond. He later brought a false arrest suit for $25,000 compensatory and $25,000 punative damages which the dis-'rict court dismissed as not meeting, in good faith, the jurisdictional amount requirement. The Court of Appeals affirmed.

Plaintiffs respond by citing nine (9) ·ecent cases decided by this circuit in which a challenged jurisdictional amount claim has been upheld. The *Lusby* case is distinguished on the grounds that plaintiffs allege more serious injuries (false arrest, detention, pain, mental anguish, anxiety, damage to the attorney's profession, deprivation of the right to counsel, etc.) and plaintiffs stress their claim for punative damages.

Since the Supreme Court's ruling in Carter v. District of Columbia, 409 U.S. 418, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973) that 42 U.S.C. § 1983 is not available as a cause of action for the deprivation of civil rights under color of D.C. law, the Court of Appeals for this circuit has, in several cases, upheld damage claims for civil rights deprivations against challenges that they did not meet the required jurisdictional amount.[1] This Court is aware of the special need to generously view damage claims for civil rights deprivations brought in this district.

██ Normally, the sum claimed by the plaintiff determines jurisdiction. But this court can look behind the complaint to ascertain the good faith value of the claim presented. McNutt v. General Motors Acceptance Corporation of Indiana, Inc., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). The value of the right involved is the principal test for determining jurisdictional amount. Sheraga v. State, 282 F.Supp. 304 (C.D. Cal.1968); see also Gomez v. Wilson, 477 F.2d 411, 420, n. 53 (D.C.Cir. 1973). When constitutional rights are involved, federal courts have been generally careful in ascertaining value. See Bivens v. Six Unknown Named Federal Narcotics Agents, 403 U.S. 388, 409, n. 9, 91 S.Ct. 1999, 29 L.Ed.2d 619 (concurring opinion of Justice Harlan) (1971); compare Hartigh v. Latin, 485 F.2d 1068, 1070, 1071 (D.C.Cir. 1973) and Gomez v. Wilson, 477 F.2d 411, 420 n. 51 (D.C.Cir. 1973). In this case, the Court is constrained to conclude that plaintiffs' claims can not be said to amount, in good faith, to over $10,000.

In *Lusby*, after reiterating that the test for determining jurisdictional amount is that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount . . . ." the Court of Appeals noted that: "The determination of amount in controversy is closely tied to the facts in each case." (499 F.2d at 493.) Reviewing the facts of that case, the Court of Appeals noted the plaintiff's unsavory speech and conduct, his failure to contest the charge against him, and the fact that he had suffered no great distress or serious injury in upholding the order of the District Court dismissing the claim for lack of jurisdictional amount.

Reviewing the facts of this case, it appears that the WALES check revealed that both plaintiffs then had outstanding warrants against them which they have not challenged. Thus, regardless of the motivation behind the policeman's suspicions, the WALES check on the plaintiffs vindicated his suspicions by revealing that the plaintiffs were scofflaws. The plaintiffs, apparently with-

1. See, e. g., Howard v. Wilson, C.A.No. 73–2210 (D.C.Cir. February 12, 1974); Hartigh v. Latin and Marsh v. Hollingsworth, 485 F. 2d 1068, 1070, 1071 (D.C.Cir. 1973); Washington Free Community v. Wilson, 484 F.2d 1078, 1081 (D.C.Cir. 1973); Sullivan v. Murphy, 478 F.2d 938, 960 (D.C.Cir. 1973); Gomez v. Wilson, 477 F.2d 411, 420 (D.C. Cir. 1973).

198

out protest or contest, seem to have paid the amount that was assessed for the outstanding warrants. Furthermore, neither plaintiff suffered any physical injury or permanent (or lengthy) deprivation.

The Court concludes that the allegations of misconduct are not so serious as to warrant a claim for more than $10,000. The dispute was minor and any damage done was minor. The arrests were apparently justified. The fact that such arrests may also have served to satisfy an officer's personal feelings of anger, though unfortunate, does not, in this case, justify federal jurisdiction under 28 U.S.C. § 1331(a).

The motion of the defendants to dismiss this action for lack of jurisdiction will be granted.