**Neville WATKINS, Plaintiff,**

v.

**Jerry WILSON, as Chief of the Metropolitan Police Department, et al., Defendant.**

**Civ. A. No. 74–846.**

United States District Court, District of Columbia.

Jan. 14, 1977.

John J. Dwyer, Washington, D. C., for plaintiff.

John R. Risher, Jr., Corp. Counsel, John A. Earnest and Robert L. Chernikoff, Asst. Corp. Counsels, Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

SIRICA, District Judge.

In this civil rights action, plaintiff seeks to recover damages for alleged constitutional deprivations caused by the Chief of the Metropolitan Police Department and his subordinates amounting to official harassment of plaintiff both personally and in the operation of her hotel businesses. Jurisdiction was invoked pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1332, diversity of citizenship jurisdiction. On September 7, 1976, the matter came before the Court on a status call. At that time, the question of jurisdiction was put in issue and the parties were ordered to address the question by the filing of written memoranda. This has now been done and, for the reasons which follow, the Court finds that federal jurisdiction properly rests on 28 U.S.C. § 1331. It is therefore unnecessary to decide whether 28 U.S.C. § 1332 affords an additional basis for jurisdiction.

### I.

The parties have stipulated to a number of facts. During the period September 1973 through July 1975, plaintiff was the lessee and operator of two small hotels on Fourteenth Street in the District of Columbia known as the Fulton Hotel and the Palace Hotel. No doubt because Fourteenth Street runs through a high crime area, officers of the Metropolitan Police Department engaged in extensive law enforcement work at and about the two establishments. On occasion officers entered the

hotels and stopped guests in the lobbies, corridors and rooms for the purpose of determining what residents were doing. These activities resulted in the arrest of hotel employees, the seizure of business records not pursuant to search warrants and the surveillance of the premises.

Aside from these stipulated facts, plaintiff alleges that police officers engaged in a persistent course of conduct interfering with hotel guests, visitors and employees, examining hotel registers and records, arresting employees without cause and harassing guests by discouraging them from checking into the hotels and by interrogating them as to their identities and intentions. Plaintiff claims that these and other activities by police officers constitute constitutional violations under the cloak of official authority and have resulted in substantial injury to plaintiff both personally and in the operation of her hotels.

## II.

Federal question jurisdiction under 28 U.S.C. § 1331 depends on the existence of a legal claim arising under the Constitution, treaties or laws of the United States and having a value equal to or greater than $10,000. For the purpose of determining jurisdiction under § 1331, the allegations of fact set out by plaintiff must be accepted as true and given all the reasonable inferences to which they are entitled. See *Hartigh v. Latin,* 158 U.S.App.D.C. 289, 291, 485 F.2d 1068, 1070 (1973), cert. denied sub nom: *District of Columbia v. Marsh,* 415 U.S. 948, 94 S.Ct. 1470, 39 L.Ed.2d 564 (1974).

### *Federal question*

As stated in the complaint and amplified in the pretrial report, the allegations put forward by plaintiff in this case involve actions undertaken with official authority and having the effect of invading plaintiff's interests in privacy and in maintaining her businesses free from unreasonable governmental interference. As such, the allegations implicate rights secured under the fourth and fifth amendments to the Constitution. Since plaintiff's claims are "neither

frivolous nor insubstantial," they are sufficient to invoke jurisdiction pursuant to 28 U.S.C. § 1331. *Sullivan v. Murphy,* 156 U.S.App.D.C. 28, 50, 478 F.2d 938, 960, *cert. denied,* 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973).

### *Jurisdictional amount*

In determining whether the alleged injury is sufficient to support federal jurisdiction, the general rule is to take at face value the amount put in issue by the plaintiff unless "it is apparent, to a legal certainty, that plaintiff cannot recover the amount claimed." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845, 848 (1938). See also *Gomez v. Wilson,* 155 U.S.App.D.C. 242, 251, 477 F.2d 411, 420 (1973); 1 Moore, Federal Practice ¶ 92[1] (2d ed. 1976). This rule applies both to suits where the right asserted is statutory in nature and to suits where, as here, the right asserted has a constitutional basis. However, where the suit is based on constitutional provisions and the recovery of damages is sought against federal officials, the determination of jurisdictional amount depends entirely upon the compensatory damages sought since punitive damages are not recoverable. *Zweibon v. Mitchell,* 170 U.S.App.D.C. 1, 66, 516 F.2d 594, 659 (1975).

In this case, plaintiff alleges that as a result of the activities undertaken by defendants she and her businesses have sustained damages in the amount of $200,000, consisting of lost revenues of approximately $1,000 per month and $20,000 in lost profit suffered in connection with the sale of one of her proprietary interests. On their face, these allegations of injury indicate damages of a compensatory nature plainly in excess of $10,000 required to support jurisdiction under 28 U.S.C. § 1331. Further, the extent of the claimed injury seems facially plausible in light of the character and duration of the acts complained of. In the absence of some showing that plaintiff's valuation of her claims was not made in good faith, it does not appear, and clearly not to a legal certainty, that the amount

put in controversy is inadequate. Accordingly, the plaintiff must be permitted to go to proof on the claims she has put forward.

### III. ORDER

For the reasons stated herein, it is this 14th day of January, 1977

ORDERED that the motion of defendants to dismiss for want of jurisdiction be, and the same hereby is, denied.