Cara Leslie **ALEXANDER**,
et al., **Plaintiffs**,

v.

**FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.**

Nos. Civ. 96–2123 RCL, Civ. 97–1288 RCL.

United States District Court,
District of Columbia.

March 31, 1999.

---

Larry Elliot Klayman, Judicial Watch, Inc., Washington, DC, for plaintiff.

James Jordan Gilligan, Elizabeth Jane Shapiro, Julia Fayngold, U.S. Department of Justice, Washington, DC, for defendant FBI and Executive Office of the President.

David Evan Kendall, Nicole Kay Seligman, Paul Benedict Gaffney, Williams & Connolly, Washington, DC, for defendant Hillary Rodham Clinton.

James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, Washington, DC, Peter Z. Zimroth, Arnold & Porter, New York City, for defendant Bernard W. Nussbaum.

Randall James Turk, David S. Cohen, Miller, Cassidy, Larroca & Lewin, L.L.P., Washington, DC, for defendant Craig Livingstone.

Robert Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, D.C., Robert Muze, Stein, Mitchell & Mezines, Washington, D.C., for defendant Anthony Marceca.

Ira H. Raphaelson, O'Melveny & Myers, L.L.P., Washington, DC, for Non-party Larry Potts.

## MEMORANDUM AND ORDER

LAMBERTH, District Judge.

This matter comes before the Court on Plaintiffs' Motion [366] to Compel Further Testimony of Larry Potts and to Impose Sanctions; President William Jefferson Clinton's Motion [385] to Intervene; Non–Party Larry Potts's Motion [447] to Strike Plaintiffs' Reply Memorandum or, Alternatively, for Leave to File Surreply and to Recover Costs for Such Surreply; and President Clinton's Motion [N/D] to File Sur–Reply Memorandum in Support of Partial Opposition to Plaintiffs' Motion to Compel. Upon consideration of these motions, their corresponding oppositions and replies thereto, and the relevant law, the Court will DENY without prejudice Plaintiffs' Motion to Compel Further Testimony of Larry Potts and to Impose Sanctions; GRANT President Clinton's Motion to Intervene; DENY as moot Non–Party Larry Potts's Motion to Strike Plaintiffs' Reply Memorandum or, Alternatively, for Leave to File Surreply and to Recover Costs for Such Surreply; and GRANT President Clinton's Motion to File Sur–Reply Memorandum in Support of Partial Opposition to Plaintiffs' Motion to Compel, as discussed and ordered below.

### I.  Background

The underlying allegations in this case arise from what has become popularly known as "Filegate." Plaintiffs allege that their privacy interests were violated when the FBI improperly handed over to the White House hundreds of FBI files of former political appointees and government employees under the Reagan and Bush Administrations.

The instant dispute revolves around the deposition of Larry Potts, the former Director of the Criminal Division of the FBI during the time period pertinent to the aforementioned allegations. Potts, who is not a party in this matter, is now a corporate officer of Investigative Group International (IGI), a private investigation firm retained by the President and First Lady in connection with the office of the Independent Counsel's investigation and the *Jones v. Clinton* matter. The issues raised by the pending motions and considered in this opinion arise from the intersection of Potts's roles as investigator and former FBI employee.

### II.  Plaintiffs' Motion to Compel

The Court must address two threshold issues raised by non-party Potts and defendant FBI. The Court concludes that these threshold matters dispose of plaintiffs' current motion to compel.

### A.  Local Rule 108(m)

Defendant FBI and non-party Potts both seek to defeat plaintiffs' motion to compel on the ground that plaintiffs' counsel allegedly failed to comply with Local Rule 108(m), which requires counsel filing a non-dispositive motion to confer with opposing counsel before filing the motion. In this case, plaintiffs' counsel suspended Potts's deposition and stated that plaintiffs would be seeking

relief from the Court and moving for sanctions. According to plaintiffs' counsel, this meets the requirements of Local Rule 108(m). The court disagrees.

Although the deposition transcript could be interpreted as showing that all counsel involved in the deposition were aware of the questions in dispute, of the fact that plaintiffs' counsel would be moving to compel, and that the motion would be opposed, the greater problem involves whether there was a "good faith effort ... to narrow the areas of disagreement." Local Rule 108(m). Clearly, there was not. As a review of the deposition transcript shows, plaintiffs never sought to narrow the issues raised by its motion to compel at all, much less in good faith. Indeed, plaintiffs' argument for compliance amounts to a *post hoc* rationalization of occurrences from the deposition in an attempt to meet the requirements of a Local Rule 108(m) conference. The court will not condone this approach because the practice advocated by plaintiffs would render Local Rule 108(m) meaningless. Any nondispositive motion filed by either side must comply with Local Rule 108(m), or it will be denied.

■ Therefore, plaintiffs' motion to compel will be denied without prejudice because they have failed to comply with Local Rule 108(m). The court will allow plaintiffs to file another such motion, consistent with the court's opinion today, once they attempt in good faith to narrow the issues of disagreement and append a statement of certification so stating.

### B. *Sandbagging*

In addition to a failure to comply with Local Rule 108(m), the court will deny without prejudice plaintiffs' motion to compel because it violates a previous order of this court. On May 28, 1998, this court specifically held that the movant filing a motion to compel must first demonstrate the relevance of the material sought before the burden shifts to the deponent to prove an applicable privilege. *See Alexander v. FBI,* Civ. No.

96–2123, 186 F.R.D. at 127–128 (D.D.C. May 28, 1998); *see also* FED.R.CIV.P. 26(b)(1). Put another way, for plaintiffs to prevail on their motion to compel, they must show in their initial motion that the information they seek to compel is relevant, aside from any other claims of privilege.

Plaintiffs have not even attempted to do so in this instance. Their initial motion is comprised of only two pages and offers little in the way of legal citation or reasoning. Instead, plaintiffs merely attach the deposition transcript as an exhibit to the motion, highlight the questions to which plaintiffs seek to compel answers, state (in a footnote) that the defendants have failed to establish the facts necessary to prove their claims of privilege, and give a cursory statement of background facts regarding the deposition. As a justification for their lack of detail, plaintiffs state that they filed their motion in an expedited fashion so that it could be ruled upon more quickly. Yet, nowhere in their motion can an explanation of relevance be found. Although the court will not rule now upon the merits of plaintiffs' motion, the court notes that relevance in this instance is not self-evident; even if it were, it is plaintiffs' burden to prove relevance, and they have failed to do so.[1]

■ Therefore, plaintiffs' motion to compel will also be denied because they have failed to obey this court's order of May 28, 1998, requiring the proponent of a motion to compel discovery to first establish the relevance of the material sought. As with Local Rule 108(m) compliance, the court will allow plaintiffs to file another motion to compel, consistent with the court's opinion today.

### III. *Conclusion*

For the reasons stated above, the court HEREBY ORDERS that:

1. Plaintiffs' Motion [366] to Compel Further Testimony of Larry Potts and to Impose Sanctions is DENIED without prejudice. Plaintiffs may re-file their motion once they

---

1. Plaintiffs' approach of filing a meager motion to compel also forces the respondents to move for leave to file surreply briefs. Were the respondents not allowed to do so, they would not have a meaningful opportunity to respond to plaintiffs' claims of relevancy, as set out for the first time in plaintiffs' reply brief.

**188**

have complied with Local Rule 108(m) and this court's order of May 28, 1998 pertaining to a party seeking to compel discovery.

2.  President William Jefferson Clinton's Motion [385] to Intervene is GRANTED.

3.  Non-party Larry Potts's Motion [447] to Strike Plaintiffs' Reply Memorandum or, Alternatively, for Leave to File Surreply and to Recover Costs for Such Surreply is DENIED as moot. The court having denied plaintiffs' motion to compel, there is no need to strike plaintiffs' motion or for non-party Potts to file a surreply.

4.  President Clinton's Motion [N/D] to File Sur–Reply Memorandum in Support of Partial Opposition to Plaintiffs' Motion to Compel is GRANTED.

SO ORDERED.