**Christian C. NWACHUKWU, Plaintiff,**

v.

**John F. KARL, Jr., Defendant.**

**No. Civ.A. 02–0469(RMU)**

United States District Court, District of Columbia.

Aug. 26, 2002.

Christian C. Nwachukwu, Cheverly, MD, plaintiff pro se.

C. Michael Tarone, McDonald & Karl, Washington, DC, for defendant.

### MEMORANDUM OPINION

URBINA, District Judge.

DENYING THE PLAINTIFF'S MOTION TO REMAND; DENYING THE DEFENDANT'S MOTION TO DISMISS; DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS; DENYING WITHOUT PREJUDICE THE DEFENDANT'S ALTERNATIVE MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS; AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

This action arises out of a former attorney-client relationship between the parties. The *pro se* plaintiff alleges various misdeeds committed by his attorney, the defendant, in handling and disbursing funds awarded to the plaintiff in a lawsuit against the plaintiff's insurance company. The plaintiff asserts that he, rather than John Hancock Mutual Life Insurance Company ("John Hancock"), is the rightful owner of certain funds currently subject to an interpleader action filed by the defendant in the Superior Court for the District of Columbia. In a nutshell, the plaintiff contends that the defendant should have distributed the funds directly to the plaintiff.

Before the court are the plaintiff's motions to remand, for summary judgment, for sanctions, and for an order directing the defendant to serve the plaintiff with copies of filings by certified mail. The defendant brings motions for dismissal, for judgment on the pleadings, or for summary judgment. After consideration of the parties' submissions and the relevant law, the court denies all pending motions.

### II. BACKGROUND

#### A. Factual Background

The litigation underlying the present action involved injuries caused to the plaintiff by a car accident on October 1, 1994. Compl. ¶ 1. In March 1995, the plaintiff signed a subrogation agreement with John Hancock agreeing to pay John Hancock any funds recovered in connection with the automobile accident as reimbursement for medical claims paid by John Hancock on the plaintiff's behalf. *Id.* ¶ 4. This agreement included a lien amount of $16,721.20 owed by the plaintiff to John Hancock for the plaintiff's medical expenses paid by John Hancock. *Id.* ¶ 16. In November 1996, the plaintiff's remaining medical expenses totaled $47,915.21. *Id.* ¶¶ 6–7. Allstate Insurance Company ("Allstate"), the insurer of the at-fault party in the October 1994 accident, offered a settlement of $46,898.91, which the plaintiff did not accept. *Id.* ¶ 8. In an effort to increase the settlement amount, the plaintiff retained the services of the defendant in December 1997. *Id.* ¶ 9. The defendant was able to

assist the plaintiff in increasing the settlement amount to $47,000.00, which the plaintiff also rejected. *Id.* ¶ 10.

After the settlement negotiations failed, the plaintiff filed a lawsuit against Allstate. *Id.* ¶ 11. The jury found for the plaintiff in the amount of $45,000.00. *Id.* ¶ 12. The defendant retained those monies in a trust account and distributed them to the plaintiff's creditors, but otherwise did not provide further legal assistance to the plaintiff after the trial concluded. Def.'s Statement of Undisputed Mat. Facts. in Support of Def.'s Mot. for Summ.J. ("Def.'s Undisputed Mat. Facts") ¶ 6.

The plaintiff approved payment to all his creditors with the exception of John Hancock, with whom he apparently was attempting to negotiate the reduction or removal of the lien. Compl. ¶ 19. Toward that end, in September 1998, the plaintiff sent a formal request for a lien reduction to Medical Claim Services, which handles the billing for John Hancock. *Id.* ¶ 27. According to the plaintiff, a Medical Claim Services employee informed him that his file was closed and John Hancock would "not pursue" the lien. *Id.* ¶ 29. The plaintiff then attempted to commit this alleged oral agreement to writing so that the defendant would be released from his obligations as trustee to John Hancock, thereby allowing the defendant to give the remaining funds to the plaintiff. *Id.* ¶¶ 30–32.

On May 8, 2000, the plaintiff sent a letter to the defendant demanding that the defendant release to the plaintiff the remaining monies from the judgment, including those set aside for the John Hancock lien. *Id.* ¶ 33. The defendant responded that he had an ethical obligation and a "nondelegable fiduciary duty to safeguard funds where the ownership interests are claimed by both the lawyer's client and a third party." Def.'s Undisputed Mat. Facts ¶ 16. He thus refused to disburse the funds without a written waiver from John Hancock. *Id.* The defendant distributed what was owed to the plaintiff ($5,016.20), leaving $11,704.84 in dispute ("disputed amount"). Compl. ¶ 36. Thereafter, the defendant contacted staff counsel for John Hancock, who informed the defendant that John Hancock had not waived the plaintiff's lien. Def.'s Undisputed Mat. Facts ¶¶ 18–20, 22–24.

The plaintiff proceeded to lodge complaints against the defendant with the District of Columbia Bar ("the Bar"), and requested a hearing with its Attorney/Client Arbitration Board for assignment to him of the disputed amount. Compl. ¶¶ 37–42. The Bar determined that an arbitration hearing was not within its jurisdiction and that the defendant had not committed any ethical violations. *Id.* ¶¶ 38, 43. The plaintiff then filed a motion for reconsideration with the Bar counsel, who affirmed the Bar's determination. *Id.* ¶¶ 44–45. The plaintiff filed yet another motion for reconsideration, which the Bar denied. *Id.* ¶¶ 46–47.

### B. Procedural Background

On October 18, 2001, on the advice of the Bar counsel, the defendant filed an interpleader complaint in the Superior Court for the District of Columbia to determine whether John Hancock or the plaintiff was the rightful owner of the disputed funds. *Id.* ¶ 49, Ex. L. On December 4, 2001, the defendant filed a motion to deposit the disputed funds with the clerk of that court, which that court granted on January 14, 2002. *Id.* ¶ 51. The defendant deposited those funds with the clerk of that court and that court discharged the defendant from further participation in the case. *Id.* ¶ 51, Exs. R, S.

The plaintiff filed the instant action with the Superior Court for the District of Columbia on February 12, 2002. The plaintiff alleges that the defendant abdicated

his fiduciary responsibility by not playing a larger role in lowering the plaintiff's debts after the jury's decision and in failing to advise the plaintiff as to whether the plaintiff should accept or decline the settlement offered by Allstate in the amount of $47,000.00. *Id.* ¶¶ 58, 63. The plaintiff also contends that the defendant was negligent in failing to reduce the plaintiff's debt with John Hancock. *Id.* ¶¶ 67, 68. Further, the plaintiff claims that the defendant was negligent in filing the interpleader action. *Id.* ¶¶ 71–73. Additionally, the plaintiff claims that the defendant misrepresented himself by contacting John Hancock without the plaintiff's knowledge and approval. *Id.* ¶¶ 76–78. The plaintiff also alleges that the defendant intentionally misappropriated funds because the defendant commingled the disputed amount with the defendant's other funds. *Id.* ¶¶ 82–84. Finally, the plaintiff avers that the defendant's actions have resulted in intentional infliction of emotional distress to the plaintiff. *Id.* ¶¶ 87–88. The plaintiff requests that the defendant pay the plaintiff the disputed amount and alleges $5,000,000.00 in punitive damages.

On March 13, 2002, the defendant removed the action to this court by asserting diversity jurisdiction under 28 U.S.C. § 1442(a). Notice of Removal ¶¶ 6–7. With the case now removed to this court, the plaintiff filed a motion to remand the case to the Superior Court, alleging that the defendant improperly removed the case. Pl.'s Mot. to Remand at 2.

The defendant has brought motions to dismiss, for judgment on the pleadings, or for summary judgment. Def.'s Mot. for J. on Pleadings, Mot. to Dismiss, or for Summ.J. ("Def.'s Mot.") filed April 4, 2002. The defendant asserts that dismissal is proper with respect to the negligence claims because they are time-barred by the applicable statute of limitations. Def.'s Mot. at 1. The defendant further asserts that dismissal is proper because the plaintiff's complaint fails to state a claim for "intent to misappropriate funds," intentional infliction of emotional distress, and negligence in filing the interpleader action. *Id.*

In addition to his remand motion, the plaintiff has filed a motion for summary judgment, a motion to impose sanctions on the defendant, and a motion for an order directing the defendant to serve the plaintiff with copies of filings by certified mail. Pl.'s Mot. for Summ.J. filed April 24, 2002; Pl.'s Mot. to Impose Sanctions filed May 9, 2002; Pl.'s Praecipe [1] filed May 20, 2002 ("Pl.'s Praecipe"). Pl.'s Mot. to Impose Sanctions. For the following reasons, the court denies all pending motions.

### III. ANALYSIS

#### A. The Court Denies the Plaintiff's Motion to Remand Because Diversity Jurisdiction is Proper

##### 1. Legal Standard for Remand

Federal courts have limited jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938). A district court may assert its jurisdiction over a case when citizens of different states are involved and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 187, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990). When the parties are diverse and the amount in controversy is sufficient, a defendant has a

---

1. The court's docket styles the plaintiff's praecipe as a motion "for order directing defendant to serve plaintiff with copies of filings by certified mail/return receipt, postage pre-paid." Docket, No. 02–0469. Indeed, the plaintiff's praecipe is in the form of a motion and is treated as such forthwith herein.

statutory right to remove an action from state court and avail himself of the federal court system. 28 U.S.C. § 1441(a); *Anile Pharmacy, Inc. v. Hoffman–LaRoche, Inc.*, 2000 U.S.Dist. LEXIS 11348, at *18 (D.D.C.2000) (Hogan, J.) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir.1994)). At any time prior to final judgment, a district court may remand the case to the state court for a defect in removal procedures or for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c). The court strictly construes removal status because of federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The court must resolve all doubts about federal jurisdiction in favor of remand to the state court. *Anile Pharmacy*, 2000 U.S.Dist. LEXIS 11348, at *19 (citing *Burns*, 31 F.3d at 1095).

■■■■ The amount in controversy is established at the commencement of the action. 28 U.S.C. § 1335(a). Subsequent events reducing the amount in controversy will not divest the court of its jurisdiction. *St. Paul*, 303 U.S. at 289–90, 58 S.Ct. 586. If it becomes apparent during the course of litigation that from the outset the maximum conceivable amount in controversy was less than the jurisdictional minimum, the court must dismiss the case for lack of subject matter jurisdiction. *Watson v. Blankinship*, 20 F.3d 383, 387–88 (10th Cir.1994); *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182–83 (6th Cir.1993). Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith. *St. Paul*, 303 U.S. at 289–90, 58 S.Ct. 586. Additionally, to justify dismissal, it must appear to a *legal certainty* that the claim is for less than the jurisdictional amount. *Id.* at 288–89, 58 S.Ct. 586; *Hartigh v. Latin*, 485 F.2d 1068, 1071 (D.C.Cir.1973) (citing *Gomez v. Wilson*, 477 F.2d 411 (D.C.Cir.1973)).

■■■■ Punitive damages are properly considered as part of the amount in controversy. *Hartigh*, 485 F.2d at 1072 (citing *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 64 S.Ct. 5, 88 L.Ed. 15 (1943)). In considering punitive damages to satisfy the jurisdictional minimum in a diversity case, the court must conduct a two-part inquiry. *Bell*, 320 U.S. at 240, 64 S.Ct. 5; *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209 (7th Cir.1995). First, the court must determine whether the plaintiff can recover punitive damages as a matter of governing substantive law. *Bell*, 320 U.S. at 240, 64 S.Ct. 5. If so, the court has subject matter jurisdiction unless it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount. *Cadek*, 58 F.3d at 1212. In this second step, the plaintiff must present some factual evidence of entitlement to punitive damages. *Larkin v. Brown*, 41 F.3d 387, 388–89 (8th Cir.1994) (citing *Esler v. Northrop Corp.*, 86 F.R.D. 20, 28 (W.D.Mo.1979) (recognizing that "[w]hen the plaintiff's allegation of the amount in controversy is challenged ... existence of the required amount must be supported by competent proof") (citing *Hulsenbusch v. Davidson Rubber Co.*, 344 F.2d 730 (8th Cir.1965))).

## 2. Diversity Jurisdiction Is Proper Because the Plaintiff Asserted Recoverable Punitive Damages in Good Faith

■■■■ Although the complaint is silent as to the citizenship of the ·defendant, the defendant indicates that the parties are diverse because the defendant's citizenship is Virginia and the plaintiff's citizenship is Maryland. Def.'s Opp'n to Remand at 4. Furthermore, the defendant notes that the complaint claims $5,000,000.00 in punitive damages and approximately $11,000.00 in compensatory damages (the disputed amount, currently subject to the inter-

pleader action), which together satisfy the amount in controversy. *Id.* at 4; Compl. at 17.

In asking the court to remand the case to the Superior Court, the plaintiff asserts multiple arguments of logic, but none of law. First, the plaintiff argues that the Superior Court should be the arbiter of the plaintiff's claims since the defendant is already using the Superior Court to adjudicate a matter (i.e., the interpleader action) arising from the same set of facts as in the instant case. Pl.'s Mot. to Remand at 1. The interpleader action in the Superior Court, however, involves a separate and distinct issue that has no bearing on the merits of this case. Second, the plaintiff alleges that defendant's counsel improperly removed the case because the defendant's counsel did not file a praecipe with the Superior Court or this court prior to filing a notice of removal.[2] *Id.* at 1. The court determines that the defendant's counsel properly signed and filed the defendant's notice of removal and, to that effect, the defendant properly retained counsel to represent him in this case. LCvR 83.6(a); Def.'s Notice of Removal at 3. Moreover, the plaintiff proffers that the defendant filed the notice of removal in an effort to harass and cause delay in the adjudication of the instant action. *Id.* at 2. The plaintiff fails, however, to demonstrate any evidence of such behavior.

 As indicated before, the proper inquiry as to whether the court should grant remand is whether subject matter jurisdiction is proper. *St. Paul,* 303 U.S. 283, 58 S.Ct. 586. Subject matter jurisdiction is proper if the parties are diverse and the amount in controversy exceeds $75,000.00. FED.R.CIV.P. 12(b)(1). Because both parties in the instant action are of diverse citizenship, the court's inquiry turns to the validity of the punitive damages claim as a component of the amount in controversy. 28 U.S.C. § 1332(a); *Carden,* 494 U.S. at 187, 110 S.Ct. 1015; Def.'s Opp'n to Remand at 4; Compl. at 17. The court's inquiry is guided by the generally accepted policy that the plaintiff remains the master of his own complaint, *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995), and by the liberal pleading standards extended through *Sparrow* and its progeny. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Sparrow v. United Air Lines, Inc.,* 216 F.3d 1111, 1114 (D.C.Cir. 2000).

### a. The Court Determines That the Plaintiff May Be Able to Recover Punitive Damages as a Matter of Governing Substantive Law

 The first step of the two-step inquiry is met because District of Columbia law allows punitive damages for attorney professional negligence or breach of fiduciary duty if the attorney acted with "fraud, ill will, recklessness, wantonness, oppressiveness, [or] willful disregard of the [client's] rights." *Hendry v. Pelland,* 73 F.3d 397, 400–01 (D.C.Cir.1996) (citing *Dalo v. Kivitz,* 596 A.2d 35, 41, n. 15 (D.C.1991) (quoting *Washington Med. Ctr., Inc. v. Holle,* 573 A.2d 1269, 1284 (D.C. 1990))). Punitive damages also are available for the plaintiff's claim of intentional

---

**2.** The plaintiff asserts violations of Local Civil Rule 201(a). Pl.'s Mot. to Remand at 1. However, Local Civil Rule 201 was the old local rule number governing the entry and withdrawal of attorneys' appearances in civil cases. Currently, the court's Local Civil Rules only reach 85 in number. The court notes that Local Civil Rule 83.6(a) is the rule that governs attorney's appearances and thereby accepts the signature of the attorney on a filing as an appropriate appearance. LCvR 83.6(a). The defendant's counsel of record has complied with this rule and the court thus deems the plaintiff's asserted violations unsubstantiated.

infliction of emotional distress and misrepresentation. *Scott v. Donald,* 165 U.S. 58, 88–89, 17 S.Ct. 265, 41 L.Ed. 632 (1897) (citing *Day v. Woodworth,* 54 U.S. 363, 13 How. 363, 14 L.Ed. 181 (1851)); *BWX Elecs., Inc. v. Control Data,* 929 F.2d 707, 712 (D.C.Cir.1991); *Sere v. Group Hospitalization, Inc.,* 443 A.2d 33 (D.C.1982) (citing *Harris v. Wagshal,* 343 A.2d 283, 288 & n. 13 (D.C.1975)). Thus, the plaintiff may recover punitive damages as a matter of governing substantive law. *Bell,* 320 U.S. at 240, 64 S.Ct. 5.[3] *St. Paul,* 303 U.S. at 289–90, 58 S.Ct. 586; *Cadek,* 58 F.3d at 1209. Further, the court notes for the record that there is no evidence to show that the plaintiff has made his $5,000,000.00 punitive damages claim in bad faith. *St. Paul,* 303 U.S. at 289–90, 58 S.Ct. 586.

### b. The Court Determines That the Plaintiff Has Sufficiently Supported His Claim for Punitive Damages

The second step of the inquiry is also met because the plaintiff's complaint presents some factual evidence of entitlement to punitive damages. *Larkin,* 41 F.3d at 388–89 (citations omitted). The court concludes that the plaintiff's complaint sufficiently alleges for purposes of diversity jurisdiction that the defendant acted with "ill will, recklessness, wantonness, oppressiveness, [or] willful disregard of the [client's] rights." *Hendry,* 73 F.3d at 400–01 (citations omitted). First, the plaintiff's complaint states that the defendant contacted Medical Claim Services only to fabricate an alibi to avoid representing the plaintiff as the plaintiff's lawyer. Compl. ¶ 59. Second, the plaintiff claims that the defendant's refusal to procure bank records/statements regarding the trust account holding the disputed funds was based on the defendant's intentional and improper commingling of client funds with the defendant's personal funds. *Id.* ¶ 82. Finally, the plaintiff alleges that the defendant willfully disregarded the rights of his client, the plaintiff, in providing the plaintiff with legal representation. *Id.* ¶ 88; *Hendry,* 73 F.3d at 400–01 (citations omitted). Thus, at this stage in the litigation, the punitive damages claim is a proper component of the amount in controversy. *Hartigh,* 485 F.2d at 1072 (citing *Bell,* 320 U.S. at 240, 64 S.Ct. 5); *Esler,* 86 F.R.D. at 28; *Hulsenbusch,* 344 F.2d 730. Accordingly, the defendant's removal of this case passes muster under the court's two-part inquiry for inclusion of punitive damages as a basis for asserting diversity jurisdiction, and the court thereby denies the plaintiff's motion to remand. *Bell,* 320 U.S. at 240, 64 S.Ct. 5; *Cadek,* 58 F.3d at 1209.[4]

### B. The Court Denies the Defendant's Motion to Dismiss

#### 1. Legal Standard for a Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. FED.R.CIV.P. 8(a)(2); *Conley v. Gibson,* 355

---

**3.** Whether the plaintiff will be able to recover this amount is unclear without discovery. For this reason, the court's contemporaneously issued order allows for limited discovery to commence on the plaintiff's punitive damages claim so that the court can determine the viability of the punitive damages claim and thereby ascertain for certain whether it has jurisdiction over the case.

**4.** Because subject matter jurisdiction can be considered *sua sponte,* however, the court will consider remanding the case to the Superior Court if it becomes apparent as a result of discovery that the amount in controversy cannot be satisfied. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir.1995). Discovery will provide the plaintiff a valuable opportunity to strengthen, withdraw, or reevaluate his punitive damages claim.

U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. FED.R.CIV.P. 12(b)(6); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds, Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The plaintiff need not plead the elements of a *prima facie* case in the complaint. *Swierkiewicz,* 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (holding that a plaintiff in an employment-discrimination case need not establish her prima-facie case in the complaint); *Sparrow,* 216 F.3d at 1114. Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. District of Columbia,* 73 F.3d 418, 422 (D.C.Cir.1996).

In deciding such a motion, the court must accept all the complaint's well-pled factual allegations as true and draw all reasonable inferences in the non-movant's favor. *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683. The court need not, however, accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations. *E.g., Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990).

The court will grant dismissal for failing to state a claim where the face of the complaint reveals obvious, "built-in" affirmative defenses. *Garrett v. Commonwealth Mortgage Corp.,* 938 F.2d 591 (5th Cir.1991). The court views *pro se* pleadings with considerable liberality and holds such pleadings to less stringent standards than those applied to pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Under these liberal standards, a *pro se* complaint should not be dismissed unless the plaintiff cannot prove any facts to support the claim. *Schowers v. Graham,* 1990 WL 265978 (D.D.C.1990) (Lamberth, J.).

## 2. The Plaintiff's Claims Are Well–Pled and Timely

As mentioned earlier, the liberality in interpreting the pleadings of a *pro se* plaintiff in concert with the absence of a requirement for the plaintiff to make out a *prima facie* case to each claim lead the court to determine that the plaintiff's causes of action cannot be dismissed for failure to state a claim. *Swierkiewicz,* 534 U.S. at 506, 122 S.Ct. 992; *Haines,* 404 U.S. at 520–21, 92 S.Ct. 594; *Sparrow,* 216 F.3d at 1114. Indeed, the plaintiff has alleged scores of facts that could conceivably support each of his causes of action. *Hishon,* 467 U.S. at 73, 104 S.Ct. 2229; *Atchinson,* 73 F.3d at 422. As such, the court determines at the outset that the plaintiff's claims are sufficiently pled. FED.R.CIV.P. 12(b)(6); *Scheuer,* 416 U.S. at 236, 94 S.Ct. 1683.

■ The defendant argues that the plaintiff's negligence and "intent to misappropriate funds" claims are time-barred and should be dismissed under Rule 12(b)(6) for failure to state a claim. FED. R.CIV.P. 12(b)(6); D.C.Code § 12–301(8); Def's Mot. at 10. The defendant correctly notes that the statute of limitations for these claims is three years. D.C.Code § 12–301(8); Def's Mot. at 10. The defendant contends that, at the latest, the statute of limitations began to run in January 1999, the last date on which the plaintiff executed a written authorization for the defendant to pay his creditors. Def's Mot. at 10. According to such an interpretation, therefore, the limitations period expired in January 2002, approximately one

month before the plaintiff initiated the present action in the Superior Court.

 Based on inquiry notice, the statute of limitations is tolled until the plaintiff is aware of the injury, its cause, and some evidence of wrongdoing. *Cevenini v. Archbishop of Washington*, 707 A.2d 768 (D.C.1998); *Knight v. Furlow*, 553 A.2d 1232 (D.C.1989). Further, the statute of limitations may be tolled until the plaintiff realizes the impact of the harm. *Id.*

In the instant case, the plaintiff asserts that in May 2000, he sent a letter to the defendant demanding the release of the disputed amount. Compl. ¶ 33. Thus, if this event caused the plaintiff his alleged injuries or was the event which indicated to the plaintiff that the defendant was behaving in a negligent manner, the limitations period would not expire until May 2003. D.C.Code § 12–301(8). Additionally, the complaint states that the defendant became negligent in his duties when the defendant did not disburse the disputed amount to the plaintiff after Medical Claim Services had "closed its files" on the plaintiff's subrogation agreement and "would not pursue it," and the defendant did not disburse the amount in dispute to the plaintiff. *Id.* ¶ 67. The plaintiff's other claim of negligence is based on the interpleader action filed by the defendant on October 18, 2001. *Id.* ¶ 70–74. If the defendant negligently filed the interpleader action, the limitations period would expire on October 18, 2004. D.C.Code § 12–301(8).

 The plaintiff does not reference the date that the defendant terminated his legal relationship with the plaintiff.

Compl. ¶ 53–58. As such, the court cannot determine whether the statute of limitations of three years has run on the plaintiff's first claim for "abdication of fiduciary responsibility." *Id.* at 10; D.C.Code § 12–301(8). Thus, it is not clear whether the court should grant relief. *Garrett*, 938 F.2d 591. The plaintiffs claims for misrepresentation and intent to misappropriate funds, however, fall within the statutory limits and are not time-barred. D.C.Code § 12–301(8). In the plaintiff's complaint, however, he alleges that the defendant was negligent in not accepting the settlement offer of $47,000.00. *Id.* ¶ 10. That act occurred in 1998, four years ago. *Id.* ¶ 8. Consequently, any claims the plaintiff has against the defendant arising out of these events are time-barred. The plaintiff, however, does not clearly state the events giving rise to all claims asserted in the complaint. Thus, at this time, it is unclear whether the plaintiff's causes of action are time-barred and fit for dismissal. Accordingly, the court denies the defendant's motion to dismiss.[5]

## C. The Court Denies the Plaintiff's Motion for Sanctions Because Discovery Has Not Commenced

 The plaintiff, who apparently requested but did not receive documents from the defendant regarding the filing of the notice for removal, seeks sanctions against the defendant in the form of striking all of the defendant's defenses and imposing a monetary sum to be determined by the court. Pl.'s Reply to Def.'s Opp'n to Mot. for Sanctions ("Pl.'s Reply") at 2; Pl.'s Mot. for Sanctions at 1. The defendant, however, has not been afforded

---

5. Equally unclear is whether the plaintiff lacks knowledge of these dates or whether the plaintiff knows the dates but simply failed to name them in his complaint. If it is the former, the plaintiff can resolve the issue once discovery commences because these dates may become known to the plaintiff through discovery, and the plaintiff can then seek leave to amend his complaint accordingly. If it is the latter, then the plaintiff can resolve the issue by simply seeking leave to amend his complaint with those dates.

the opportunity to respond to these allegations because the plaintiff raises these allegations in his reply brief to the defendant's opposition.[6]

At the outset, it is important to note that discovery has not commenced in this case. Pursuant to Federal Rule of Civil Procedure 26, discovery begins after the parties have held a conference pursuant to Federal Rule of Civil Procedure 16. FED. R.CIV.P. 26; FED.R.CIV.P. 16. No such conference has taken place here. Therefore, while the parties are meanwhile encouraged to maintain an open line of communication with each other, at this time neither is required to produce documents at the other's request.

The plaintiff argues that his request was not made for discovery purposes, but to determine whether the defendant is in compliance with the court's local rules in filing his notice of removal. Pl.'s Reply at 2–3. The plaintiff also raises this argument in support of his motion to remand. Pl.'s Mot. to Remand at 1. The court has already determined, however, that the defendant properly filed his notice of removal.

 In response to the plaintiff's motion for sanctions, the defendant correctly states that the plaintiff's motion is not accompanied by a supporting memo-

randum of points and authorities. Indeed, the plaintiff's failure to provide a supporting memorandum of points and authorities is a violation of the court's local rules. LCvR 7.1(a). In addition, the defendant correctly notes that the plaintiff did not comply with Local Civil Rule 7.1(m), the "meet and confer" rule, before filing his motion.[7] Def.'s Opp'n to Pl.'s Mot.[8] at 2. The court forewarns the plaintiff of his duty to comply with the court's local rules in his future dealings with the court. Having now resolved some of the plaintiff's misconceptions, the court denies the plaintiff's motion for sanctions because discovery has not commenced in this case.

## D. The Court Determines That the Defendant Has Complied With Rule 5

 On a final note, the plaintiff asks the court to direct the defendant to properly serve the plaintiff with all filings. Pl.'s Praecipe at 1. The plaintiff claims that the "defendant is being deceitful" because the plaintiff did not receive the defendant's reply to the plaintiff's opposition to the defendant's motion to dismiss ("reply"). *Id.* at 2. To remedy the defendant's alleged improper service, the plaintiff requests an order directing the defendant to serve the plaintiff with copies of filings by certified mail.

---

6. As such, the matter is not fully briefed and cannot properly be considered by the court. The court also notes that the defendant has not requested leave to file a surreply in order to address these allegations.

7. A meet and confer session is required under Local Civil Rule 7.1(m) regardless of whether or not the litigants believe it will be productive. *Niedermeier v. Office of Max S. Baucus,* 153 F.Supp.2d 23, 27 (D.D.C.2001) (Hogan, C.J.). The purpose of this rule is "for litigants to attempt to resolve, or ... narrow, the disputed issues to prevent unnecessary waste of time and effort on any given motion," not "to simply determine whether the motion will be opposed." *Alexander v. FBI,* 186 F.R.D. 185,

187 (D.D.C.1999) (Lamberth, J.). The court directs the parties' attention to its Standing Order issued on June 7, 2002, which instructs the parties "to confer in good faith in an effort to resolve any discovery dispute **before** bringing it to the court's attention ... [and] leave of court is required before the filing of a discovery dispute-related motion." Standing Order ¶ 9 (emphasis in the original).

8. The defendant's responsive brief to the plaintiff's motion to impose sanctions is styled as the "Defendant's Opposition to Motion for Default." This title does not address the plaintiff's motion. The defendant should avoid such confusing oversights in the future.

 Federal Rule of Civil Procedure 5(b)(2)(B) states that proper service is accomplished by "[m]ailing a copy to the last known address of the person served. Service by mail is complete on mailing." FED. R.CIV.P. 5(b)(2)(B). Service is deemed complete at the moment the document is properly posted and deposited for mailing. *United States v. Kennedy*, 133 F.3d 53, 59 (D.C.Cir.1998); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 315 (2d Cir.1998).

 Under Rule 5(b), then, the defendant is obligated to show only that he mailed a copy of the reply to the plaintiff and not that the plaintiff actually received the reply. *Kennedy*, 133 F.3d at 59. The plaintiff concedes that the defendant certified, as evidenced by a certificate of service, to have served the plaintiff a copy of the reply. Pl.'s Praecipe at 1. As such, there is no evidence to suggest that the plaintiff's non-receipt of the reply is due to the defendant's failure to follow the service procedure set forth in Rule 5. *Kennedy*, 133 F.3d at 59. Accordingly, the court denies the plaintiff's request.

## IV. CONCLUSION

 For all of the foregoing reasons, the court denies the plaintiff's motions to remand, for sanctions, and for an order directing the defendant to serve the plaintiff with copies of filings by certified mail. In addition, the court denies the defendant's motion to dismiss and denies without prejudice the defendant's alternative motions for judgment on the pleadings and summary judgment. Furthermore, the court denies the plaintiff's motion for summary judgment without prejudice.[9] An order consistent with this Memorandum Opinion is separately and contemporaneously issued this _____ day of August 2002.

9. The court notes for the record that a dismissal without prejudice does not preclude a litigant from re-filing his motion in the future.

### *ORDER*

DENYING THE PLAINTIFF'S MOTION TO REMAND; DENYING THE DEFENDANT'S MOTION TO DISMISS; DENYING THE PLAINTIFF'S MOTION FOR SANCTIONS; DENYING WITHOUT PREJUDICE THE DEFENDANT'S ALTERNATIVE MOTIONS FOR SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS; AND DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

For the reasons stated in the court's Memorandum Opinion separately and contemporaneously issued this _____ day of August 2002, it is hereby

**ORDERED** that the plaintiff's motion to remand is **DENIED;** and it is

**FURTHER ORDERED** that the defendant's motion to dismiss is **DENIED;** and it is

**ORDERED** that the plaintiff's motion for sanctions is **DENIED;** and it is

**FURTHER ORDERED** that the defendant's alternative motions for summary judgment and judgment on the pleadings are **DENIED without prejudice;** and it is

**ORDERED** that the plaintiff's motion for summary judgment is **DENIED without prejudice;** and it is

**FURTHER ORDERED** that if the plaintiff wishes to pursue his punitive damages claim, the court will allow limited discovery to commence on the plaintiff's punitive damages claim; and it is

**ORDERED** that the plaintiff notify the court in a filing not to exceed two pages in length within 30 days from the date of this order as to whether the plaintiff wishes to proceed on or withdraw his punitive damages claim. If the plaintiff states that he will proceed on his claim for punitive damages, the court will then allow for limited

*Comm. for Effective Cellular Rules v. Fed. Communications Comm'n*, 53 F.3d 1309, 1318 (D.C.Cir.1995).

discovery and a briefing schedule on the plaintiff's punitive damages claim so that the court can ascertain once and for all whether it has jurisdiction over the case.

SO ORDERED.